1  GREGORY C. LOARIE, State Bar No. 215859
   ERIN M. TOBIN, State Bar No. 234943
2  Earthjustice
   50 California Street, Suite 500
3  San Francisco, CA  94111
   T: (415) 217-2000 / F: (415) 217-2040
4  gloarie@earthjustice.org
   etobin@earthjustice.org
5
   *Counsel for Plaintiffs*
6

7

8                  UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF CALIFORNIA
9                    SACRAMENTO DIVISION

10

11 CENTRAL SIERRA ENVIRONMENTAL          )  Civ. No. 10-2172 KJM-GGH
   RESOURCE CENTER, *et al.*,            )
12                                        )  **NOTICE OF RELATED CASES**
              Plaintiffs,                 )  (Local Rule 123)
13                                        )
       vs.                                )
14                                        )
   UNITED STATES FOREST SERVICE, *et al.*,)
15                                        )
              Defendants,                 )
16                                        )
       and                                )
17                                        )
   CALIFORNIA ASS'N OF 4 WHEEL DRIVE     )
18 CLUBS, *et al.*,                       )
                                          )
19            Defendant-Intervenors.      )
                                          )
20 _____ )

21                  **NOTICE OF RELATED CASES**

22        Pursuant to Local Rule 123(b), plaintiffs Central Sierra Environmental Resource Center, *et*

23 *al.* notify the Court and the parties that the instant case ("*Central Sierra*") is related to the following

24 case recently filed in the Sacramento Division of this district court and assigned to the Hon. John A.

25 Mendez:

26    •  *Friends of Tahoe Forest Access, et al. v. United States Dep't of Agric., et al.*, Case No. 2:12-
         cv-01876-JAM-CKD (E.D. Cal. filed July 17, 2012) ("*Friends of Tahoe*") (a copy of the
27       complaint is attached hereto).

28

NOTICE OF RELATED CASES – Civ. No. 10-2172 KJM-GGH                              1

As set forth below, plaintiffs in *Central Sierra* submit that assignment of both cases to the same judge would likely effect substantial savings of judicial effort.

## BACKGROUND

**The *Central Sierra* Case**

At issue in *Central Sierra* is the United States Forest Service's motorized travel management decision for Stanislaus National Forest.  As detailed in the August 12, 2010 complaint for declaratory and injunctive relief, the decision purports to implement the Forest Service's travel management regulations, 36 C.F.R. Part 212, by designating the roads, trails and areas within Stanislaus National Forest that are open for off-highway vehicle use.  The lawsuit alleges that the Stanislaus decision violates the National Environmental Policy Act ("NEPA") and other federal laws.

The Court held a hearing on the parties' cross-motions for summary judgment on June 8, 2011, but the matter remains under submission pending a written decision from the Court.

**The *Friends of Tahoe* Case**

*Friends of Tahoe* challenges another travel management decision issued by the Forest Service – this time for Tahoe National Forest in the northern Sierra Nevada.  Like the travel management decision at issue in *Central Sierra*, the Tahoe decision is intended to implement the travel management regulations by designating roads, trails and areas open for off-highway vehicle use.  The complaint for declaratory and injunctive relief filed by the plaintiffs in *Friends of Tahoe* on July 17, 2012 alleges that the Tahoe decision violates NEPA in several respects.

The Forest Service filed its notice of appearance on August 17, 2012.  The Court has extended the Forest Service's deadline to file an answer or other response pleading to October 24, 2012.

## ARGUMENT

Local Rule 123(a) provides that two actions are "related" when: (1) the actions "involve the same parties and are based on the same or a similar claim"; (2) the actions "involve the same property, transaction, or event"; (3) the actions "involve similar questions of fact and the same question of law" such that assignment to one Judge "is likely to effect a substantial savings of

judicial effort"; or (4) "for any other reasons" a "substantial duplication of effort" would occur should the two cases be heard separately.  L. R. 123(a).

Here, both *Central Sierra* and *Friends of Tahoe* have a common defendant – the Forest Service – and share several similar claims.  For example, the *Central Sierra* plaintiffs allege that the Forest Service violated NEPA by defining improperly the "no action" alternative and by failing to analyze a reasonable range of alternatives that would have included closing a significant percentage of routes to public motorized use.  In a similar vein, the *Friends of Tahoe* plaintiffs dispute the Forest Service's characterization of the "no action" alternative and allege that the Forest Service failed to analyze a range of alternatives that would have involved opening additional routes to motorized travel.

Because *Central Sierra* and *Friends of Tahoe* involve parallel administrative proceedings governed by the same laws and regulations, and because the plaintiffs in both cases raise many similar claims, assignment of both cases to the same Judge is likely to conserve significant judicial resources.  In both cases, the Court must resolve whether the Forest Service properly implemented the travel management regulations and whether it did so while complying with the requirements of NEPA.  In addition, many scientific facts regarding the impacts of off-highway vehicles on the unique wildlife and plants of the Sierra are common to both cases.

## CONCLUSION

For the forgoing reasons, *Central Sierra* and *Friends of Tahoe* are related for purposes of Local Rule 123.

Respectfully submitted,


Dated: August 28, 2012                    /s/ Gregory C. Loarie
                                          GREGORY C. LOARIE
                                          ERIN M. TOBIN

                                          *Counsel for all Plaintiffs*

# ATTACHMENT

1 M. REED HOPPER, No. 131291
E-mail: mrh@pacificlegal.org
2 BRANDON M. MIDDLETON, No. 255699
E-mail: bmm@pacificlegal.org
3 Pacific Legal Foundation
930 G Street
4 Sacramento, California 95814
Telephone: (916) 419-7111
5 Facsimile: (916) 419-7747

6 Attorneys for Plaintiffs Friends of
Tahoe Forest Access, et al.

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 FRIENDS OF TAHOE FOREST ACCESS; WEBILT )    No. _____
FOUR WHEEL DRIVE CLUB; FRIENDS OF        )
12 GREENHORN; NEVADA COUNTY WOODS         )    **COMPLAINT FOR**
RIDERS; GRASS VALLEY 4-WHEEL DRIVE       )    **DECLARATORY AND**
13 CLUB; HIGH SIERRA MOTORCYCLE CLUB;     )    **INJUNCTIVE RELIEF**
DAVID C. WOOD, an individual; and KYRA, an )
14 individual,                            )
                                         )
15          Plaintiffs,                   )
                                         )
16      v.                                )
                                         )
17 UNITED STATES DEPARTMENT OF            )
AGRICULTURE; TOM VILSACK, in his official )
18 capacity as Secretary of the Department of Agriculture; )
UNITED STATES FOREST SERVICE; TOM        )
19 TIDWELL, in his official capacity as Chief of the )
United States Forest Service; RANDY MOORE, in his )
20 official capacity as Regional Forester for the United )
States Forest Service's Pacific Southwest Region; and )
21 TOM QUINN, in his official capacity as Forest )
Supervisor at the Tahoe National Forest, )
22                                        )
            Defendants.                   )
23 _____ )

24

25

26

27

28

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

Complaint for Declaratory
and Injunctive Relief

**INTRODUCTION**

1.    This lawsuit challenges the United States Forest Service's Final Environmental Impact Statement and Record of Decision for the Tahoe National Forest Motorized Travel Management Project (Tahoe Travel Management Project).   The Forest Service's Final Environmental Impact Statement and Record of Decision are based on a flawed implementation of the agency's 2005 Travel Management Rule and call for the closure of hundreds of miles of roads and trails to motor vehicle use, effectively preventing human access to a vast portion of the Tahoe National Forest.   This draconian denial of public lands access is unlawful because Defendants completed and issued the Final Environmental Impact Statement and Record of Decision in derogation of the National Environmental Policy Act and the Administrative Procedure Act.

2.    In completing and issuing the Final Environmental Impact Statement and Record of Decision, the Forest Service failed to adequately account for the extent to which the closure of hundreds of miles of roads and trails to motor vehicle access in the Tahoe National Forest would significantly affect the quality of the human environment.   In particular, the Forest Service failed to adequately consider the human toll that results from denying Californians and others the ability to continue cherished and family-friendly recreational activities that have been taking place for generations.

3.    The Forest Service also neglected to provide the public with important contextual and background information in the Final Environmental Impact Statement and Record of Decision. Indeed, the Forest Service's Final Environmental Impact Statement and Record of Decision are based on the misleading premise that, prior to the implementation of the 2005 Travel Management Rule, motorized recreation off of the National Forest Transportation System was "unauthorized." In fact, however, the motorized recreation that is prohibited under the Final Environmental Impact Statement and Record of Decision was previously lawful and legitimate.  The Forest Service's Final Environmental Impact Statement and Record of Decision are therefore inaccurate and misleading because they fail to fairly recognize the legality of prior motor vehicle access to the Tahoe National Forest and provide the public with false information.

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

Complaint for Declaratory
and Injunctive Relief                          - 1 -

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

4.     Plaintiffs are acutely injured by the Forest Service's wrongful conduct.  They are individuals and organizations which consist of motorized recreationists and nature enthusiasts who—based on the Forest Service's unlawful Final Environmental Impact Statement and Record of Decision—will be unable to enjoy roads, trails, and land in the Tahoe National Forest that were once readily and legally available to them.

5.     Plaintiffs respectfully appear before this Court in order to seek redress for the Forest Service's unlawful Final Environmental Impact Statement and Record of Decision and the illegal regulatory regime they create at the Tahoe National Forest.  They ask this Court to strike down the Final Environmental Impact Statement and Record of Decision and order the Forest Service to begin implementation of the Forest Service's 2005 Travel Management Rule at the Tahoe National Forest anew.

**Jurisdiction and Venue**

6.     An actual and existing controversy exists between Plaintiffs and Defendants relative to their respective rights and duties as set forth herein.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); § 1346(a)(2) (civil action against the United States); § 2201 (authorizing declaratory relief); § 2202 (authorizing injunctive relief); and 5 U.S.C. § 702 (providing for judicial review of agency action under the Administrative Procedure Act).

7.     Venue in this district is predicated upon 28 U.S.C. § 1391(e)(1)(A), because a federal defendant in this action resides in this judicial district, and under 28 U.S.C. § 1391(e)(1)(B), because a substantial part of the events or omissions giving rise to the claims below occurred in this district and in California.

**PARTIES**

**Plaintiffs**

8.     All Plaintiffs and their members consist of off-road vehicle enthusiasts who enjoy trail rides and other recreational activities at the Tahoe National Forest, including hiking and camping.  Plaintiffs and their members have aesthetic and recreational interests in the Tahoe National Forest, and they seek to protect their enjoyment of the natural resources of the Tahoe

National Forest through motorized recreation on roads and trails within the Forest. Plaintiffs and their members' recreational enjoyment of the Tahoe National Forest is dependent on access to trails that are currently not part of the National Forest Transportation System. Plaintiffs and their members intend to continue to participate in motorized recreation on trails that are currently not part of the National Forest Transportation System until they are unable to do so for legal or physical reasons.

9. Plaintiffs and their members will be adversely affected and injured by Defendants' Final Environmental Impact Statement, Record of Decision, and the resulting loss of motorized recreational opportunities at the Tahoe National Forest. Due to the loss of motorized recreational access to roads and trails within the Tahoe National Forest, the overcrowding of roads and trails that will remain open to motor vehicle use, and the diminished ability to clean up others' litter and trash in the Tahoe National Forest through motorized access to roads and trails, Defendants' actions adversely affect and injure Plaintiffs and their members' ability to obtain solitude, recreational enjoyment, and aesthetic pleasure at the Tahoe National Forest.

10. Plaintiff Friends of Tahoe Forest Access is an unincorporated association based in Nevada County, California. Friends of Tahoe Forest Access was organized in 2007 and is a coalition of organizations and individuals residing in Nevada County, Placer County, and nearby areas. Defendants' Final Environmental Impact Statement and Record of Decision adversely affect and injure Friends of Tahoe Forest Access and their members through the wrongful prohibition of motorized recreation on roads and trails that are currently not part of the National Forest Transportation System, including routes known as the Old Gold Valley Trail and Willoughby Mine Road.

11. Plaintiff Webilt Four Wheel Drive Club is an unincorporated association based in Placer County, California. Webilt Four Wheel Drive Club includes over 30 members residing in Placer County and nearby areas. Defendants' Final Environmental Impact Statement and Record of Decision adversely affect and injure Webilt Four Wheel Drive Club and their members through the wrongful prohibition of motorized recreation on roads and trails that are currently not part of

///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

the National Forest Transportation System, including routes known as the Peak Switchback Trail and the Pierce Creek Off-Highway Vehicle area.

12.     Plaintiff Friends of Greenhorn is an unincorporated association based in Auburn, California.  Friends of Greenhorn has over 150 members residing in Placer County and nearby areas.  Friends of Greenhorn was organized in 2007 in order to promote and maintain off-road vehicular access to roads and trails within the Tahoe National Forest, including motorized recreational access to the Greenhorn Creek Recreational Area.  Friends of Greenhorn and its members provide voluntary clean-up efforts at the Greenhorn Creek Recreational Area in response to environmental degradation that occurs when nonmembers leave trash and other debris in the area.  Members of Friends of Greenhorn voluntarily educate users of the Tahoe National Forest on how to recreate in an environmentally responsible manner at the Greenhorn Creek Recreational Area and other areas.  Using street-legal motorcycles as well as four-wheel drive, all-terrain, and utility-task vehicles, members of Friends of Greenhorn enjoy the natural resources of the Tahoe National Forest through motorized recreation on roads and trails that are currently not part of the National Forest Transportation System.  Defendants' Final Environmental Impact Statement and Record of Decision adversely affect and injure Friends of Greenhorn and their members through the wrongful prohibition of motorized recreation on roads and trails that are currently not part of the National Forest Transportation System.

13.     Plaintiff Nevada County Woods Riders is a nonprofit corporation, incorporated in 1995 under the laws of California, with its principal place of business in Nevada County, California. Prior to incorporating, Nevada County Woods Riders existed as an unincorporated association and was founded as such in 1973.  Nevada County Woods Riders consists of off-road motorcycle enthusiasts who enjoy trail rides and other recreational activities such as hiking and camping, and the Riders' members have engaged in off-road recreation at the Tahoe National Forest since the 1960's.  Nevada County Woods Riders promotes responsible trail use, advocates off-road vehicle access rights, and fosters trail improvement programs.  Nevada County Woods Riders has over 60 members residing in Nevada County and surrounding areas, many of which built and have maintained existing single track trails that are not part of the National Forest

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

Complaint for Declaratory
and Injunctive Relief                           - 4 -

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

Transportation System. Members of Nevada County Woods Riders visit the Tahoe National Forest frequently, and they enjoy and have an interest in the aesthetic pleasure that they derive through motor vehicle recreation at the Forest. Members of Nevada County Woods Riders enjoy the natural resources of the Tahoe National Forest through motorized recreation on roads and trails that are currently not part of the National Forest Transportation System, including the trail known as the Spencer Lakes Trail. Defendants' Final Environmental Impact Statement and Record of Decision adversely affect and injure Nevada County Woods Riders and their members through the wrongful prohibition of motorized recreation on roads and trails that are currently not part of the National Forest Transportation System.

14. Plaintiff Grass Valley 4-Wheel Drive Club is a nonprofit corporation, incorporated in 1967 under the laws of California, with its principal place of business in Nevada County, California.[1] Grass Valley 4-Wheel Drive Club includes approximately 50 members as well as families residing in Nevada County and nearby areas. Defendants' Final Environmental Impact Statement and Record of Decision adversely affect and injure Grass Valley 4-Wheel Drive Club and their members through the wrongful prohibition of motorized recreation on roads and trails that are currently not part of the National Forest Transportation System, including routes known as the Deadman's Lake and Moore's Flat.

15. Plaintiff High Sierra Motorcycle Club is a nonprofit corporation, incorporated in 1988 under the laws of Nevada, with its principal place of business in Reno, Nevada. High Sierra Motorcycle Club has over 30 members residing in Reno and nearby areas. Defendants' Final Environmental Impact Statement and Record of Decision adversely affect and injure High Sierra Motorcycle Club and their members through the wrongful prohibition of motorized recreation on roads and trails that are currently not part of the National Forest Transportation System, including the trail known as the Spencer Lakes Trail.

[1] While the California Secretary of State's website (http://kepler.sos.ca.gov/cbs.aspx) indicates that Grass Valley 4-Wheel Drive Club's nonprofit corporate status has been suspended, that suspension was due to a clerical oversight on the part of the Club that has since been corrected. In June, 2012, the Club received confirmation from the Secretary of State and the California Franchise Tax Board that its nonprofit corporate status is currently in good standing.

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

16.     Plaintiff David C. Wood is an individual who resides in Nevada County, California. Mr. Wood visits the Tahoe National Forest frequently, and he enjoys and has an interest in the aesthetic pleasure that he derives through motor vehicle recreation at the Forest.  Since 1975, Mr. Wood has enjoyed the natural resources of the Tahoe National Forest through motorized recreation on roads and trails that are currently not part of the National Forest Transportation System, including trails known as the Little Grizzly Creek Trail and the Spencer Lakes Trail. Defendants' Final Environmental Impact Statement and Record of Decision adversely affect and injure Mr. Wood through the wrongful prohibition of motorized recreation on roads and trails that are currently not part of the National Forest Transportation System.

17.     Plaintiff Kyra is an individual who resides in Nevada County, California. Ms. Kyra visits the Tahoe National Forest frequently, and she enjoys and has an interest in the aesthetic pleasure that she derives through motor vehicle recreation at the Forest. Since 2001, Ms. Kyra has enjoyed the natural resources of the Tahoe National Forest through motorized recreation on roads and trails that are currently not part of the National Forest Transportation System, including an area known as the Spencer Lakes Trail and roads and trails near the Burlington Ridge Trail System. Ms. Kyra's aesthetic enjoyment of the Tahoe National Forest is dependent on motorized access to these trails, and she intends to continue to participate in motorized recreation on these trails until she is unable to do so for legal or physical reasons.  Defendants' Final Environmental Impact Statement and Record of Decision adversely affect Ms. Kyra through the wrongful prohibition of motorized recreation on roads and trails that are currently not part of the National Forest Transportation System.

**Defendants**

18.     Defendant United States Department of Agriculture is an executive department of the United States.  Congress has charged the Department with various duties and responsibilities, including management of national forests within the United States.  As the Department oversees the administration and management of the Tahoe National Forest, it is responsible for the issuance of the Record of Decision and Final Environmental Impact Statement.

///

19. Defendant Tom Vilsack is the Secretary of the Department of Agriculture and is named herein and sued in his official capacity. As the Secretary is responsible for the Department of Agriculture's administration and management of the Tahoe National Forest, he is responsible for the issuance of the Record of Decision and Final Environmental Impact Statement.

20. Defendant United States Forest Service is an agency of the United States government, within the Department of Agriculture, and has been delegated responsibility for the day-to-day administration and management of the national forests within the United States, including the Tahoe National Forest. As such, the Forest Service is responsible for the issuance of the Record of Decision and Final Environmental Impact Statement.

21. Defendant Tom Tidwell is the Chief of the United States Forest Service, and is named herein and sued in his official capacity. The Chief is responsible for the administration and management of the national forests on behalf of the Secretary of Agriculture and, as such, is responsible for the issuance of the Record of Decision and Final Environmental Impact Statement.

22. Defendant Randy Moore is the Regional Forester for the United States Forest Service's Pacific Southwest Region, and is named herein and sued in his official capacity. The Regional Forester is responsible for the administration and management of national forests within the Pacific Southwest Region, which includes California. As such, the Regional Director is responsible for the issuance of the Record of Decision and Final Environmental Impact Statement.

23. Defendant Tom Quinn is the Forest Supervisor at the Tahoe National Forest, and is named herein and sued in his official capacity. The Forest Supervisor is responsible for the administration and management of the Tahoe National Forest and, as such, is responsible for the issuance of the Record of Decision and Final Environmental Impact Statement.

## LEGAL FRAMEWORK

**The National Environmental Policy Act**

24. The National Environmental Policy Act establishes a national policy whereby federal agencies are "to use all practicable means and measures . . . in a manner calculated to foster and promote the general welfare, to create and maintain conditions under which man and nature can exist in productive harmony, and fulfill the social, economic, and other requirements of present

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

and future generations of Americans." 42 U.S.C. § 4331(a). Federal procedures under the National Environmental Policy Act "must insure that environmental information is available to public officials and citizens before decisions are made and before actions are taken." 40 C.F.R. § 1500.1(b). The statute is "intended to help public officials make decisions that are based on understanding of environmental consequences, and take actions that protect, restore, and enhance the environment." *Id*. § 1500.1(c).

25. For major federal actions significantly affecting the quality of the human environment, the National Environmental Policy Act requires that federal agencies provide a detailed statement on the environmental impact of the proposed action, any adverse environmental effects which cannot be avoided should the proposal be implemented, alternatives to the proposed action, the relationship between local short-term uses of man's environment and the maintenance and enhancement of long-term productivity, and any irreversible and irretrievable commitments of resources which would be involved in the proposed action should it be implemented. 42 U.S.C. § 4332(2)(C)(i)-(v). Further, federal agencies are required, to the fullest extent possible, to "[u]se the [National Environmental Policy Act] process to identify and assess all reasonable alternatives to proposed actions that will avoid or minimize adverse effects of [major federal] actions upon the quality of the human environment," and to "[u]se all practicable means, consistent with the requirements of the Act and other essential considerations of national policy, to restore and enhance the quality of the human environment and avoid or minimize any possible adverse effects of their actions upon the quality of the human environment." 40 C.F.R. § 1500.2(e)-(f).

**The Administrative Procedure Act**

26. The Administrative Procedure Act authorizes judicial review of agency action for which there is no other adequate remedy in court and requires that courts hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. §§ 704, 706.

///

///

///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

**GENERAL ALLEGATIONS AND BACKGROUND**

**The United States Forest Service's 2005 Travel Management Rule:  Background**

27.     In 2005, the Forest Service issued a Travel Management Rule.  *See* 70 Fed. Reg. 68264 (Nov. 9, 2005) (2005 Travel Management Rule).  The 2005 Travel Management Rule "requires designation of those roads, trails, and areas that are open to motor vehicle use" on National Forest System lands, and "prohibit[s] the use of motor vehicles off the designated system, as well as [the] use of motor vehicles on routes and in areas that is not consistent with the designations." *Id*. at 68264.

28.     In the 2005 Travel Management Rule, the Forest Service noted the existence of the National Forest Transportation System and that "[i]n addition to this managed system of roads and trails, many National Forests contain user-created roads and trails."  70 Fed. Reg. at 68264. According to the Forest Service, "[t]here has been no comprehensive national inventory of user-created routes," but such routes "are estimated to number in the tens of thousands of miles." *Id*.

29.     Whether on National Forest Transportation System roads and trails or on user-created or otherwise unclassified roads and trails, the Forest Service recognized in the 2005 Travel Management Rule that for many visitors to the National Forests, "motor vehicles . . . represent an integral part of their recreational experience," and that "[m]otor vehicles are a legitimate and appropriate way for people to enjoy their National Forests—in the right places, and with proper management." *Id*.

30.     According to the Forest Service's 2005 Travel Management Rule, however, prior federal regulations "have not proven sufficient to control proliferation of routes or environmental damage" within National Forests.  *Id*. at 68265.  Moreover, the Forest Service also asserted in the 2005 Travel Management Rule that "[t]he growing popularity and capabilities of [off-highway vehicles] demand new regulations, so that the Forest Service can continue to provide [recreational] opportunities while sustaining the health of [National Forest System] lands and resources." *Id*. at 68264-68265.

31.     Thus, the Forest Service concluded in the 2005 Travel Management Rule that a "designated and managed system of roads, trails, and areas for motor vehicle use is needed," and

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA  95814
(916) 419-7111 FAX (916) 419-7747

1  that such a system, "established with public involvement, will enhance public enjoyment of the

2  National Forests while maintaining other important values and uses on [National Forest System]

3  lands." *Id.* at 68265.

4  **The United States Forest Service's 2005 Travel Management Rule:  Structure**

5       32.    The 2005 Travel Management Rule provides for rules and procedures governing

6  the establishment of this designated and managed system of roads, trails, and areas for motor

7  vehicle use.  The 2005 Travel Management Rule is codified at 36 C.F.R. § 212.50, *et seq.*

8       33.    The stated purpose of the 2005 Travel Management Rule is to "provide[] for a

9  system of National Forest System roads, National Forest System trails, and areas on National

10 Forest System lands that are designated for motor vehicle use."  36 C.F.R. § 212.50(a).  "After

11 these roads, trails, and areas are designated, motor vehicle use . . . not in accordance with these

12 designations is prohibited by 36 CFR 261.13."  *Id.*  Further, motor vehicle use "off designated

13 roads and trails and outside designated areas is prohibited by 36 CFR 261.13."  *Id.*

14      34.    According to the 2005 Travel Management Rule, motor vehicle use "on National

15 Forest System roads, on National Forest System trails, and in areas on National Forest System

16 lands shall be designated by vehicle class and, if appropriate, by the time of year by the responsible

17 official on administrative units or Ranger Districts of the National Forest System." *Id.* § 212.51(a).

18 The public "shall be allowed to participate in the designation of National Forest System roads,

19 National Forest System trails, and areas on National Forest System lands."  *Id.* § 212.52(a).

20      35.    The 2005 Travel Management Rule provides that "[i]n designating National Forest

21 System roads, National Forest System trails, and areas on National Forest System lands for motor

22 vehicle use," the responsible official shall consider effects on National Forest System "natural and

23 cultural resources, public safety, provision of recreational opportunities, access needs, conflicts

24 among uses of . . . System lands, the need for maintenance and administration of roads, trails, and

25 areas that would arise if the uses under consideration are designated; and the availability of

26 resources for that maintenance and administration."  *Id.* § 212.55(a).

27      36.    In addition, the 2005 Travel Management Rule provides for specific criteria for the

28 designation of roads, trails, and areas on National Forest System lands.  *See id.* § 212.55(b)-(c).

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA  95814
(916) 419-7111  FAX (916) 419-7747

1    The specific criteria for the designation of roads, trails, and areas on National Forest System lands

2    include effects on damage to soil, watershed, vegetation, and other forest resources; harassment

3    of wildlife and significant disruption of wildlife habitats; conflicts between motor vehicle use and

4    existing or proposed recreational uses of National Forest System lands or neighboring federal

5    lands; and conflicts among different classes of motor vehicle uses of National Forest System lands

6    or neighboring Federal lands.  *Id.*

7           37.    The 2005 Travel Management Rule also provides that "[a]fter National Forest

8    System roads, National Forest System trails, and areas on National Forest System lands have been

9    designated" pursuant to the Rule's procedures, and after "these designations have been identified

10   on a motor vehicle use map, it is prohibited to possess or operate a motor vehicle on National

11   Forest System lands . . . other than in accordance with those designations."  *Id.* § 261.13.

12          38.    Plaintiffs bring this lawsuit to challenge Defendants' implementation of the 2005

13   Travel Management Rule at the Tahoe National Forest and their actions in violation of the Rule's

14   "national framework under which designations are made at the local level." 70 Fed. Reg. at 68265.

15   Defendants' flawed implementation of the 2005 Travel Management Rule at the Tahoe National

16   Forest resulted in an illegal Final Environmental Impact Statement and Record of Decision that

17   must be vacated.

18

19          **DEFENDANTS' IMPLEMENTATION OF THE**
     **2005 TRAVEL MANAGEMENT RULE AT THE TAHOE**

20          **NATIONAL FOREST:  DRAFT AND SUPPLEMENTAL**
     **DRAFT ENVIRONMENTAL IMPACT STATEMENTS**

21

22          39.    On April 11, 2007, Defendants issued a notice of intent to prepare an environmental

23   impact statement to disclose, among other things, "the impacts associated with . . . [t]he addition

24   of approximately 50 miles of existing unauthorized routes to the current system of National Forest

25   System . . . trails currently open to the public for wheeled motorized vehicle use."  72 Fed. Reg.

26   18198, 18198 (Apr. 11, 2007).  Recognizing that the 2005 Travel Management Rule "requires

27   designation of those roads, trails, and areas that are open to motor vehicle use on National Forests,"

28   Defendants stated that the Forest Service "currently manages and maintains approximately

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA  95814
(916) 419-7111 FAX (916) 419-7747

1   2,640 miles of [National Forest System] road[s] and 760 miles of [National Forest System]

2   motorized trails," and that they "propose[] to add approximately 50 miles to its [National Forest

3   System] motorized trails, bringing the total National Forest system of motorized trails to

4   approximately 810 miles." *Id*. at 18199-18200.

5         40.    Defendants announced the release of a Draft Environmental Impact Statement on

6   September 26, 2008, and a Supplemental Draft Environmental Impact Statement on February 16,

7   2010. The Statements purported to disclose the environmental impacts associated with seven

8   alternatives for managing motor vehicle use in the Tahoe National Forest, with Defendants

9   choosing Alternative 6 as the preferred alternative. Notwithstanding that Alternative 6 as proposed

10  would significantly reduce motorized recreational opportunities at the Tahoe National Forest

11  through the closure of unclassified roads and trails, Defendants disingenuously suggested that their

12  preferred alternative would "provide motorized access to dispersed recreation opportunities

13  (camping, hunting, fishing, hiking, horseback riding, etc.) and a diversity of motorized recreation

14  opportunities (4WD Vehicles, motorcycles, ATVs, passenger vehicles, and so forth)." United

15  States Forest Service, Motorized Travel Management, Supplemental Draft Environmental Impact

16  Statement, Vol. 1: Chapters 1-4 at 29 (Feb. 2010).[2]

17        41.    On April 12, 2010, Plaintiffs filed comments and objections to the Supplemental

18  Environmental Impact Statement. Defendants failed to adequately respond to Plaintiffs' comments

19  and suggestions. Instead, the final Record of Decision and Final Environmental Impact Statement

20  retained the systemic flaws highlighted by Plaintiffs.

21

22                  **DEFENDANTS' IMPLEMENTATION OF THE**

                **2005 TRAVEL MANAGEMENT RULE AT THE TAHOE**

23                  **NATIONAL FOREST:  FINAL ENVIRONMENTAL**

                **IMPACT STATEMENT AND RECORD OF DECISION**

24

25        42.    On September 21, 2010, in a letter addressed to "Friends of the Tahoe National

26  Forest," Defendants announced the release of their Final Environmental Impact Statement and

27

28    [2] *Available at* http://www.r5.fs.fed.us/tahoe/projects_plans/ohv_inv/sdeis/Entire-Vol1-TNF-TM-SDEIS.pdf (last visited July 11, 2012).

**PACIFIC LEGAL FOUNDATION**
930 G Street
Sacramento, CA  95814
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1  Record of Decision for the Tahoe National Forest Motorized Travel Management Project.  *See*

2  Letter from Tom Quinn, Tahoe National Forest Supervisor, United States Forest Service, to

3  Friends of the Tahoe National Forest (Sept. 21, 2010).[3]  In the letter, Defendants informed the

4  public that the Alternative they selected (Alternative 6) "strikes the best balance between providing

5  motorized recreation access and opportunities and protecting critical natural and cultural

6  resources" and that it "ensur[es] public motorized access to recreation opportunities across the

7  Tahoe National Forest."  *Id.*  The letter suggests that Defendants' decision would benefit Plaintiffs

8  and other motor vehicle users through the "addition" of 62 miles of roads and motorized trails, but

9  failed to note that the same decision also closed over 800 miles of roads and trails to previously

10  lawful motor vehicle use.  Defendants' misleading letter to the public is representative of their

11  failure to act in accordance with the National Environmental Policy Act's purpose to "insure that

12  environmental information is available to public officials and citizens before decisions are made

13  and before actions are taken" in issuing the Final Environmental Impact Statement and Record of

14  Decision.  *See* 40 C.F.R. § 1500.1(b).

15       43.     Indeed, given that the Final Environmental Impact Statement and Record of

16  Decision represent a fundamental change in the ability of the public to access the Tahoe National

17  Forest through motorized recreation, the documents are conspicuously lacking in forthrightness.

18  Although Defendants grudgingly concede in the Final Environmental Impact Statement and Record

19  of Decision that the Selected Alternative "will reduce the amount of motorized recreation

20  opportunities available as compared to the existing condition (which permits motorized travel off

21  [National Forest Transportation System] roads and trails)," Defendants' qualifier that they "strike[]

22  a balance between reductions promoted by some and the increases supported by others"

23  significantly understates the actual impact of the Alternative 6.  *See* United States Forest Service,

24  Motorized Travel Management Final Environmental Impact Statement, Vol. 1:  Record of Decision

25  ///

26  ///

27
_____

28  [3]  *Available at* http://www.r5.fs.fed.us/tahoe/projects_plans/ohv_inv/feis/DearFriendsLetter-9-2010.pdf (last visited July 11, 2012)

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

and Summary at 10 (hereinafter, "Record of Decision").[4]   Stated differently, Defendants'
Alternative 6 and the resulting closure of nearly one-quarter of the roads and trails in the Tahoe
National Forest cannot be legitimately characterized as an increase in motorized recreation
opportunities.

44.   The Defendants further misled the public by delegitimizing the lawfulness of
Plaintiffs' and others' motorized use of roads and trails outside of the National Forest
Transportation System.  Throughout the Final Environmental Impact Statement and Record of
Decision, Defendants refer to the "existing 869 miles of unauthorized routes" in the Tahoe
National Forest, as if to suggest that motorized recreational use of these routes has historically been
impermissible, and that the designation of such routes as part of the National Forest Transportation
System would sanction motorized access to the Tahoe National Forest that previously was
unlawful.

45.   However, until the implementation of the 2005 Travel Management Rule at the
Tahoe National Forest, motorized recreation on user-created or otherwise unclassified routes that
exist outside of the National Forest Transportation System was entirely legal.  Thus, Defendants'
labeling of such recreation as "unauthorized" is disingenuous.  As one court has noted, "[t]he term
'unauthorized' applied to these routes is somewhat confusing, as the term implies that such travel
ways were not permitted under the previous guidelines." *Idaho Conservation League v. Guzman*,
766 F. Supp. 2d 1056, 1063 n.3 (D. Idaho 2011).  Indeed, "the so-called 'unauthorized' routes" are
in fact "user-created routes that were not identified, constructed, maintained, or otherwise
designated by the Forest Service," but "these routes were not illegal; rather, they were permitted
under the previous travel management plan."  *Id*.  Defendants' implication to the contrary
prevented the public from fully and correctly understanding the effects of the Final Environmental
Impact Statement, Record of Decision, and Alternative 6.

46.   The Final Environmental Impact Statement and Record of Decision also contradict
the mandate of the 2005 Travel Management Rule.  Defendants unlawfully and prejudicially

---

[4]  *Available* at http://www.r5.fs.fed.us/tahoe/projects_plans/ohv_inv/feis/Entire-Volume1-TNF-TM-FEIS.pdf (last visited July 11, 2012).

1  assumed that unclassified routes would not be designated as part of the National Forest

2  Transportation System and then "added" routes to the System in order only to maintain a minimum

3  level of motor vehicle access to the Tahoe National Forest, in conflict with the 2005 Travel

4  Management Rule's requirement that the designation of National Forest Transportation System

5  routes be based on objective general and specific criteria.

6

7  **SPECIFIC ALLEGATIONS THAT**
   **SUPPORT DECLARATORY RELIEF**

8

9  47.  Plaintiffs hereby reallege and incorporate by reference the allegations contained in

10  Paragraphs 1 through 46 as though fully set forth herein.

11  48.  An actual and substantial controversy exists between Plaintiffs and Defendants over

12  Defendants' duty to comply with the National Environmental Policy Act and the Administrative

13  Procedure Act in issuing the Final Environmental Impact Statement and Record of Decision for

14  the Tahoe National Forest Motorized Travel Management Project.

15  49.  This case is presently justiciable because Defendants' failure to comply with these

16  laws is the direct result of final agency action that has caused and will cause immediate and

17  concrete injury to Plaintiffs through the loss of motorized access to roads and trails within the

18  Tahoe National Forest.  Plaintiffs have a vital interest in knowing whether the Final Environmental

19  Impact Statement and Record of Decision are statutorily valid.

20  50.  Declaratory relief is, therefore, appropriate to resolve this controversy.

21

22  **SPECIFIC ALLEGATIONS THAT**
   **SUPPORT INJUNCTIVE RELIEF**

23

24  51.  Plaintiffs hereby reallege and incorporate by reference the allegations contained in

25  Paragraphs 1 through 50 as though fully set forth herein.

26  52.  If an injunction does not issue enjoining Defendants from effectuating and

27  executing the Record of Decision and Alternative 6, Plaintiffs will be irreparably harmed through

28  ///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1 the loss of motorized access to roads and trails within the Tahoe National Forest, which they have

2 previously enjoyed, in violation of federal law.

3       53.     Likewise, if an injunction does not issue enjoining Defendants from enforcing the

4 Rule's prohibition at the Tahoe National Forest prior to the completion of a lawful implementation

5 of the Rule and a valid Final Environmental Impact Statement and Record of Decision, Plaintiffs

6 will be irreparably harmed by being subject to immediate and concrete injury through the loss of

7 motorized access to roads and trails within the Tahoe National Forest in violation of federal law.

8       54.     Plaintiffs have no plain, speedy, and adequate remedy at law.

9       55.     If not enjoined by this Court, Defendants will enforce the 2005 Travel Management

10 Rule's prohibition of motor vehicle use off a designated system of roads and trails at the Tahoe

11 National Forest and will act in reliance upon the Record of Decision and Final Environmental

12 Impact Statement in derogation of the rights and interests of Plaintiffs.

**CLAIMS FOR RELIEF**

**First Claim for Relief**
**Unlawful Purpose and Need for Action**
**(Violation of National Environmental Policy Act and Administrative Procedure Act)**

16       56.     Plaintiffs incorporate by reference all the allegations set forth in Paragraphs 1

17 through 55.

18       57.     For proposed major federal actions that will significantly affect the quality of the

19 human environment, the National Environmental Policy Act requires federal agencies to prepare

20 an Environmental Impact Statement, discussing, among other things, the environmental impact of

21 the proposed action, any adverse environmental effects which cannot be avoided, and alternatives

22 to the proposed action. *See* 42 U.S.C. § 4332(2)(C).

23       58.     The Environmental Impact Statement "shall briefly specify the underlying purpose

24 and need to which the agency is responding in proposing the alternatives including the proposed

25 action." 40 C.F.R. § 1502.13. Thus, the range of alternatives considered in the Environmental

26 Impact Statement flows from the agency's statement of purpose and need.

27       59.     Defendants' statement of purpose and need in the Final Environmental Impact

28 Statement and Record of Decision was required to comply with the 2005 Travel Management Rule.

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

60.     The Final Environmental Impact Statement's statement of purpose and need is unlawful because it conflicts with the objective general and specific route designation criteria set forth in the 2005 Travel Management Rule. *See* 36 C.F.R. § 212.55(a)-(c). *See also supra* ¶¶ 35-36 (listing general and specific route designation criteria contained in 36 C.F.R. § 212.55(a)-(c)). Instead of relying on the 2005 Travel Management Rule's objective general and specific route designation criteria, Defendants' purpose and need for route designation as set forth in their Final Environmental Impact Statement is merely to "maintain motor vehicle access to dispersed recreation activities that are known to have been historically accessed by motor vehicles" at the Tahoe National Forest, thereby providing only "limited changes to the [Tahoe National Forest] transportation system."   United States Forest Service, Motorized Travel Management Final Environmental Impact Statement, Vol. 2: Final Environmental Impact Statement Chapters 1 – 4 at 7-9 (hereinafter, "Volume 2").[5] Defendants' statement of purpose and need unlawfully prejudiced the implementation of the 2005 Travel Management Rule in favor of closing roads and trails to motor vehicle access and is not countenanced by the 2005 Travel Management Rule's general and specific objective criteria for route designation. *See* 36 C.F.R. § 212.55.

61.     As Defendants further explained, "[w]ithout adding" user-created and other unclassified routes to the National Forest Transportation System, implementation of the Rule "would make continued use of such routes illegal through the prohibition of cross country travel, and would preclude access to many dispersed recreation activities." Volume 2 at 8.  Defendants thereby assumed, in disregard of the 2005 Travel Management Rule's objective general and specific designation criteria, that motor vehicle access would be prohibited on user-created and other unclassified routes and then chose to "add" certain routes only to "maintain" a minimal level of access to dispersed recreational activities.

62.     Defendants' statement of purpose and need in the Final Environmental Impact Statement conflicts with the 2005 Travel Management Rule because it presumptively assumes that routes will not be designated.  Whereas the 2005 Travel Management Rule requires the objective

---

[5] *Available at* http://www.r5.fs.fed.us/tahoe/projects_plans/ohv_inv/feis/Entire-Volume2-TNF-TM-FEIS.pdf (last visited July 11, 2012).

assessment of user-created and other unclassified routes without assuming their lack of designation, Defendants' statement of purpose and need prejudices the route designation process by seeking to implement the Rule from the standpoint of "maintaining" motor vehicle access to dispersed recreation activities. This conflict violates the National Environmental Policy Act. *See* 42 U.S.C. § 4332(2)(C). *See also* 40 C.F.R. § 1502.14.

63. The statement of purpose and need's conflict with the 2005 Travel Management Rule is arbitrary and capricious and therefore violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

### SECOND CLAIM FOR RELIEF

**Unlawful "No Action" Alternative**
**(Violation of National Environmental Policy Act and Administrative Procedure Act)**

64. Plaintiffs incorporate by reference all the allegations set forth in Paragraphs 1 through 63.

65. When federal agencies prepare an Environmental Impact Statement, they are required to include in the Statement a detailed analysis of the alternatives to the proposed federal action. *See* 42 U.S.C. § 4332(2)(C)(iii). The analysis of the alternatives to the proposed action "is at the heart of the [E]nvironmental [I]mpact Statement" and must include the "alternative of no action." 40 C.F.R. § 1502.14.

66. The "no action" alternative is "'no change' from current management direction or level of management intensity." Council on Environmental Quality, *NEPA's Forty Most Asked Questions*.[6]

67. The analysis of the "no action" alternative "provides a benchmark, enabling decisionmakers to compare the magnitude of environmental effects of the action alternatives." *Id.* A valid determination of what constitutes the "no action" alternative in an Environmental Impact Statement is thus imperative because it establishes baseline conditions, without which "'there is

---

[6] *Available at* http://ceq.hss.doe.gov/nepa/regs/40/40p3.htm (last visited July 11, 2012).

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

simply no way to determine what effect an action will have on the environment and, consequently, no way to comply with'" the National Environmental Policy Act. *Am. Rivers v. FERC*, 201 F.3d 1186, 1195 n.15 (9th Cir. 1999) (brackets omitted) (quoting *Half Moon Bay Fishermans' Mktg. Ass'n v. Carlucci*, 857 F.2d 505, 510 (9th Cir. 1988)) (other citations omitted).

68.     In the Final Environmental Impact Statement, Defendants acknowledged that the "no action" alternative is supposed to provide "a baseline for comparing the other alternatives." Volume 2 at 22.  Defendants also noted that the selection of Alternative 6 "will reduce the amount of motorized recreation opportunities available as compared to the existing condition (which permits motorized travel off [National Forest transportation system] roads and trails)."  Record of Decision at 10.

69.     But Defendants also characterized the "no action" alternative as meaning that "no changes would be made to the [National Forest Transportation System] and there would be no prohibition of cross country travel." *Id.* at 36.  Moreover, under Defendants' supposed "no action" alternative, the 2005 Travel Management Rule "would not be implemented, and no motor vehicle use map . . . would be published." *Id.*  Further, "[m]otor vehicle travel by the public would not be limited to designated routes," and "[u]nauthorized routes would continue to proliferate and would have no status or authorization." *Id.*  Also, according to Defendants' no action alternative, "[n]o unauthorized routes would be added to the [National Forest Transportation System] as roads or motorized trails under" this supposed "no action" alternative." *Id.*  These characterizations of what would occur under a "no action" alternative are entirely inaccurate and misleading.

70.     In this case, a valid "no action" alternative would have maintained the status quo by designating as part of the National Forest Transportation System all unclassified routes and trails previously available for lawful and legitimate motor vehicle access, thereby ensuring an accurate baseline "to compare the magnitude of environmental effects of the action alternatives." *Forty Most Asked Questions*, *supra*, ¶ 66.

71.     Defendants' failure to set forth a valid "no action" alternative in the Final Environmental Impact Statement violates the National Environmental Policy Act. *See* 42 U.S.C. § 4332(2)(C)(iii).

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

P ACIFIC  L EGAL  F OUNDATION
930 G Street
Sacramento, CA  95814
(916) 419-7111  FAX (916) 419-7747

72.     Defendants' failure to set forth a valid "no action" alternative in the Final Environmental Impact Statement is arbitrary and capricious and therefore violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

**THIRD CLAIM FOR RELIEF**

**Failure To Consider Reasonable Range of Alternatives
(Violation of National Environmental
Policy Act and Administrative Procedure Act)**

73.     Plaintiffs incorporate by reference all the allegations set forth in Paragraphs 1 through 72.

74.     Under the National Environmental Policy Act, an Environmental Impact Statement must consider "alternatives to the proposed action" and "study, develop, and describe appropriate alternatives to recommended courses of action in any proposal which involves unresolved conflicts concerning uses of available resources."  42 U.S.C. §§ 4332(2)(C)(iii), 4332(E).

75.     Federal agencies must "[r]igorously explore and objectively evaluate all reasonable alternatives" to a proposed action, including a "no action" alternative. 40 C.F.R. § 1502.14(a), (d).

76.     Federal agencies "shall not commit resources prejudicing selection of alternatives before making a final decision."  40 C.F.R. § 1502.2(f).

77.     Alternatives must be presented in a "comparative form, thus sharply defining the issues and providing a clear basis for choice among options by the decisionmaker and the public." 40 C.F.R. § 1502.14.

78.     Defendants violated the National Environmental Policy Act and the Act's implementing regulations because they failed to consider a reasonable range of alternatives that would implement the 2005 Travel Management Rule and minimize the closure of access to user-created and other routes by motor vehicles.  The range of alternatives that was analyzed in a detailed manner by Defendants in the Final Environmental Impact Statement is impermissibly narrow, as each alternative proposed designating fewer than 85 miles of routes to the National Forest Transportation System.

79.     Moreover, the Final Environmental Impact Statement should have analyzed a range of alternatives that included at least one alternative that maintained the status quo, *i.e.*, the

1   continuation of lawful motor vehicle access to hundreds of miles of routes that were not previously

2   part of the National Forest Transportation System.  As motor vehicle access to these routes was

3   legal and permissible prior to the implementation of the 2005 Travel Management Rule, it was

4   unreasonable for the Service to fail to consider in detail an alternative that would designate such

5   routes and thereby maintain legal access to them through implementation of the 2005 Travel

6   Management Rule.  This failure constitutes a violation of the National Environmental Policy Act.

7   *See* 42 U.S.C. § 4332(2)(C)(iii), (E).  *See also* 40 C.F.R. § 1502.14.

8        80.      The failure of Defendants to consider a reasonable range of alternatives in the Final

9   Environmental Impact Statement is arbitrary and capricious and therefore violates the

10  Administrative Procedure Act.  *See* 5 U.S.C. § 706(2)(A).

**FOURTH CLAIM FOR RELIEF**

**Failure To Articulate a Rational Connection Between
Defendants' Conclusions and the Defendants' Rejection of Alternative 5
(Violation of National Environmental Policy Act and Administrative Procedure Act)**

14       81.      Plaintiffs incorporate by reference all the allegations set forth in Paragraphs 1

15  through 80.

16       82.      According to Defendants, of all the action alternatives considered in detail but not

17  selected by Defendants, "Alternative 5 adds the greatest mileage of motorized roads and trails to

18  the [National Forest Transportation System]."  Record of Decision at 23.  Defendants rejected

19  Alternative 5 based in part on Defendants' allegations that "potential adverse impacts on air quality

20  [and] watershed conditions . . . are greatest under this alternative compared to the other action

21  alternatives."  *Id*. at 24.

22       83.      However, in its Final Environmental Impact Statement, Defendants concluded that

23  "the amount of pollutants other than fugitive dust is anticipated to increase by the same amount

24  in all alternatives."  It further concluded that "Alternative 5 potentially improves air quality by

25  reducing the amount of acreage open to motorized vehicle use," that "[g]enerally for the existing

26  unauthorized and closed [National Forest Transportation System] routes, the direct effects to soil

27  productivity have already occurred," and that, "[f]rom the standpoint of watershed resources, most

28  ///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA  95814
(916) 419-7111 FAX (916) 419-7747

adverse impacts with . . . roads and motorized trails have already occurred." Volume 2 at 67, 72, 96, 131.

84.     In rejecting Alternative 5 based on allegations that it would have the greatest adverse impacts on air quality and water conditions, despite the utter absence of support for such a conclusion in the Final Environmental Impact analysis, Defendants violated the National Environmental Policy Act. *See* 42 U.S.C. § 4332(2)(C). *See also* 40 C.F.R. § 1502.14.

85.     By rejecting Alternative 5 based in part on allegations that the Alternative would have the greatest adverse impacts on air quality and water conditions even though the Final Environmental Impacts' analysis does not support such conclusions, Defendants acted arbitrarily, contrary to law, and in excess of its statutory authority, and therefore violated the Administrative Procedure Act, 5 U.S.C. § 706(2).

## FIFTH CLAIM FOR RELIEF

### Failure To Provide Site-Specific Analysis in the Final Environmental Impact Statement (Violation of the National Environmental Policy Act and Administrative Procedure Act)

86.     Plaintiffs incorporate by reference all the allegations set forth in Paragraphs 1 through 86.

87.     A federal agency's Final Environmental Impact Statement under the National Environmental Policy Act must include a hard look at the direct and indirect environmental consequences of a proposed action to the human environment. *See* 42 U.S.C. § 4332(2)(C). *See also* 40 C.F.R. § 1502.16.

88.     "[W]henever there is an 'irretrievable commitment of resources' by a federal agency to a project," the National Environmental Policy Act requires that a Final Environmental Impact Statement contain a site-specific analysis for particular locations, including individual roads and trails, that will be affected by the federal agency's project. *See N. Alaska Envtl. Ctr. v. Kempthorne*, 457 F.3d 969, 975 (9th Cir. 2006) (citing *Conner v. Burford*, 848 F.2d 1441 (9th Cir. 1988)). Further, the Final Environmental Impact Statement "shall succinctly describe the

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

environment of the area(s) to be affected or created by the alternatives under consideration." 40 C.F.R. § 1502.15.

89.     Site-specific analyses completed prior to approval of the federal project "insure that environmental information is available to public officials and citizens before decisions are made and before actions are taken." 40 C.F.R. § 1500.1(b).

90.     The Forest Service's decision to designate or not designate an unclassified road or trail as part of the National Forest Transportation System determines whether previously lawful and legitimate recreational activities will be permitted to continue on such roads and trails and requires a site-specific analysis to evaluate the environmental impacts that will result from the designation decision. However, the Final Environmental Impact Statement fails to conduct a site-specific analysis for many of the roads and trails that were not designated and therefore are closed to motor vehicle access by the Forest Service's Final Environmental Impact Statement and Record of Decision. This lack of site-specific analysis violates the National Environmental Policy Act because it prevents the full and accurate disclosure of human environmental effects resulting from a road or trail becoming newly restricted to motor vehicle use. *See* 42 U.S.C. § 4332(2)(C), (E). *See also* 40 C.F.R. § 1502.15-1502.16.

91.     The Forest Service's failure to conduct a site-specific analysis for many of the roads and trails that were not designated and therefore were closed to motor vehicle access by the Forest Service's decision is arbitrary and capricious and violates the Administrative Procedure Act. *See* 5 U.S.C. § 706(2)(A).

## SIXTH CLAIM FOR RELIEF

### Failure To Accurately Detail Human and Environmental Impacts of Action (Violation of the National Environmental Policy Act and Administrative Procedure Act)

92.     Plaintiffs incorporate by reference all the allegations set forth in Paragraphs 1 through 91.

///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

93.     A federal agency's Final Environmental Impact Statement under the National Environmental Policy Act must include a detailed statement on the environmental impact of the proposed action, any adverse environmental effects which cannot be avoided should the proposal be implemented, the relationship between local short-term uses of man's environment and the maintenance and enhancement of long-term productivity, any irreversible and irretrievable commitments of resources which would be involved in the proposed action should it be implemented. 42 U.S.C. § 4332(2)(C). Further, National Environmental Policy Act procedures "must insure that environmental information is available to public officials and citizens before decisions are made and before actions are taken." 40 C.F.R. § 1500.1(b).

94.     In the Service's Final Environmental Impact Statement, the Service submits that "[a]dding unauthorized roads and trails may have a negative effect (short and long term) on non-motorized opportunities due to an increase in noise, dust, physical presence, possible use conflicts and displacement." Volume 2 at 702. The Service also submits that "[a]dding unauthorized roads and trails to the [National Forest Transportation System] would have a beneficial effect on motorized opportunities by providing additional miles of recreation opportunities." *Id.* at 703.

95.     In fact, however, by reducing the amount of trails and roads open to motorized use, Defendants' Final Environmental Impact Statement and Record of Decision result in a negative effect on motorized opportunities in the Tahoe National Forest. Because the Final Environmental Impact Statement and Record of Decision "reduce[s] the amount of motorized recreation opportunities available as compared to the existing condition (which permits motorized travel off [National Forest Transportation System] roads and trails)," Defendants' assertion that Final Environmental Impact Statement and Record of Decision would have a beneficial effect on motorized opportunities is false. *See* Volume 1 at 10.

96.     Defendants' Final Environmental Impact Statement and Record of Decision also mislead the public through the disingenuous assertion that, prior to the implementation of the 2005 Travel Management Rule, motorized recreation off of the National Forest Transportation System was "unauthorized." *See* Volume 1 at 1 ("There are approximately 869 miles of unauthorized routes on the Forest."). On the contrary, the motorized recreation that is prohibited under the Final

1   Environmental Impact Statement and Record of Decision was previously lawful and legitimate.

2   Defendants' failure to fairly recognize the legality of prior motor vehicle access to the Tahoe

3   National Forest impermissibly minimized the human and environmental impacts resulting from

4   the Final Environmental Impact Statement and Record of Decision.

5       97.     Defendants' Final Environmental Impact Statement and Record of Decision also

6   failed to adequately detail other environmental impacts resulting from the closure of formerly

7   accessible roads and trails to motor vehicle use.  These impacts include increased risk of forest

8   fires throughout the Tahoe National Forest, as motor recreationists who previously cleared brush,

9   trees, and other impediments from roads and trails used to combat forest fires will now be unable

10  to access and clear numerous routes throughout the Forest, thereby increasing the risk that

11  emergency personnel's ability to combat forest fires by way of these routes will be impeded.

12      98.     Defendants' inaccurate detailing of the true impact resulting from the Final

13  Environmental Impact Statement and Record of Decision prevented the public from being fully

14  informed of the consequences of Defendants' decisionmaking and therefore violates the National

15  Environmental Policy Act.  *See* 42 U.S.C. § 4332(2)(C).  *See also* 40 C.F.R. § 1500.1.

16      99.     Defendants' failure to accurately detail the true impact resulting from the Final

17  Environmental Impact Statement and Record of Decision is arbitrary and capricious and violates

18  the Administrative Procedure Act.  *See* 5 U.S.C. § 706(2)(A).

19                          **SEVENTH CLAIM FOR RELIEF**

20              **Failure To Adequately Consider Cumulative Impacts**
                **(Violation of the National Environmental**
21              **Policy Act and Administrative Procedure Act)**

22      100.    Plaintiffs incorporate by reference all the allegations set forth in Paragraphs 1

23  through 99.

24      101.    A federal agency's Final Environmental Impact Statement under the National

25  Environmental Policy Act must include a hard look at the cumulative impacts and effects of the

26  proposed action and other actions on the human environment.  *See* 42 U.S.C. § 4332(2)(C).  *See*

27  *also* 40 C.F.R. § 1508.25 *and Tenakee Springs v. Clough*, 915 F.2d 1308, 1312 (9th Cir. 1990)

28  (National Environmental Policy Act "requires that where several actions have a cumulative or

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1   synergistic environmental effect, this consequence must be considered in an [Environmental

2   Impact Statement].").

3       102.   A cumulative impact is "the impact on the environment which results from the

4   incremental impact of the action when added to other past, present, and reasonably foreseeable

5   future actions regardless of what agency (Federal or non-Federal) or person undertakes such other

6   actions."  40 C.F.R. § 1508.7.  "Cumulative impacts can result from individually minor but

7   collectively significant actions taking place over a period of time."  *Id.*

8       103.   Under the National Environmental Policy Act, a cumulative impact analysis "must

9   be more than perfunctory; it must provide a useful analysis of the cumulative impacts of past,

10  present, and future projects."  *N. Plains Res. Council, Inc. v. Surface Transp. Bd.*, 668 F.3d 1067,

11  1076 (9th Cir. 2011) (internal quotations and citations omitted).  Further, in order to "insure that

12  environmental information is available to public officials and citizens before decisions are made

13  and before actions are taken," 40 C.F.R. § 1500.1(b), the cumulative impact analysis must include

14  "some quantified or detailed information; . . . general statements about possible effects and some

15  risk do not constitute a hard look absent a justification regarding why more definitive information

16  could not be provided."  *N. Plains Res. Council, Inc. v. Surface Transp. Bd.*, 668 F.3d at 1076

17  (internal quotations and citations omitted).

18      104.   While Defendants nominally conducted a cumulative impacts analysis in the Final

19  Environmental Impact Statement, it did not consider the cumulative impacts resulting from past,

20  current, and future loss of recreational road and trail access for those who use motor vehicles in

21  National Forests throughout California and Nevada.  Instead, the Service impermissibly limited

22  its cumulative impacts analysis to the Tahoe National Forest, explaining that "[t]he cumulative

23  effects section for recreation bounds the analysis within the Tahoe [National Forest] . . . and

24  provides a rationale for the bounding."   United States Forest Service, Motorized Travel

25  Management Final Environmental Impact Statement, Vol. 3: Final Environmental Impact

26  ///

27  ///

28  ///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1   Statement Appendices C, D, E, F and N at N-70 (Sept. 2010).[7]  According to the Defendants, "[i]f

2   the cumulative effects analysis considered a larger spatial bounding, addressing the effects of the

3   proposed action and the interaction with similar actions on adjacent national forests, the site

4   specificity would have been lost among all the assumptions."  *Id*.  Defendants further noted that

5   "[d]ecisions on the national forests do affect regional recreation use; however, the effects of

6   evolving decisions would be difficult to quantify."  *Id*. at N-70–N-71.

7       105.    Defendants did not adequately consider the cumulative effects of the action at the

8   Tahoe National Forest in conjunction with past, present, and reasonably foreseeable future actions

9   and failed to rationally or adequately address the effects of similar losses of recreational road and

10  trail access for those who use motor vehicles in National Forests throughout California and

11  Nevada.  Defendants' claim that analyzing such effects "would be difficult to quantify" does not

12  constitute a sufficient justification as to why more detailed information could not be provided.

13      106.    Defendants' failure to conduct an adequate cumulative impacts analysis violates the

14  National Environmental Policy Act.  *See* 42 U.S.C. § 4332(2)(C).  *See also* 40 C.F.R. § 1508.25.

15      107.    Defendants' failure to conduct an adequate cumulative impacts analysis is arbitrary

16  and capricious and therefore violates the Administrative Procedure Act.  *See* 5 U.S.C. § 706(2)(A).

17                              **PRAYER FOR RELIEF**

18  **Wherefore, Plaintiffs pray that this Court:**

19      1.      Declare the Defendants violated the National Environmental Policy Act and the

20  Administrative Procedure Act and the statutes' implementing regulations in approving and issuing

21  the Final Environmental Impact Statement and Record of Decision for the Tahoe National Forest

22  Motorized Travel Management Project;

23      2.      Declare that the Final Environmental Impact Statement and Record of Decision for

24  the Tahoe National Forest Motorized Travel Management Project are insufficient as a matter of

25  law, and order Defendants to undertake a new implementation of the 2005 Travel Management

26  ///

27

28  [7]  *Available at* http://www.r5.fs.fed.us/tahoe/projects_plans/ohv_inv/feis/Entire-Volume3-TNF-TM-FEIS.pdf (last visited July 11, 2012)

Complaint for Declaratory
and Injunctive Relief                          - 27 -

Rule at the Tahoe National Forest that is done in accordance with Defendants' obligations under the National Environmental Policy Act and Administrative Procedure Act;

3.      In order to protect Plaintiffs from irreparable harm in the form of reduced motorized access to the Tahoe National Forest, enjoin Defendants from restricting access to motorized routes, roads, and trails based on the Final Environmental Impact Statement and Record of Decision for the Tahoe National Forest Motorized Travel Management Project, and enjoin Defendants from enforcing the 2005 Travel Management Rule's prohibition of possession and operation of motor vehicles on nondesignated routes, roads, and trails unless and until Defendants issue a legally sufficient Final Environmental Impact Statement and Record of Decision;

4.      An award to Plaintiffs of reasonable attorneys' fees and in bringing and maintaining this action;

5.      An award to Plaintiffs of costs of suit pursuant to Federal Rule of Civil Procedure 54(d); and

6.      An award to Plaintiffs of any other and further relief that the Court deems proper under the circumstances of this case.

DATED:  July 17, 2012.

Respectfully submitted,

M. REED HOPPER
BRANDON M. MIDDLETON


By   /s/ Brandon M. Middleton
          BRANDON M. MIDDLETON

Attorneys for Plaintiffs Friends of
Tahoe Forest Access, et al.

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA  95814
(916) 419-7111 FAX (916) 419-7747

Complaint for Declaratory
and Injunctive Relief