IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Div.
CYNTHIA S. HUBER (IL3125279; DC390616)
Assistant Section Chief
Natural Resources Section
Environment and Natural Resources Div.
U.S. Dept. of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Tel: 202-514-5273
Fax: 202-305-0506
cynthia.huber@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Central Sierra Environmental Resource Center, The Wilderness Society, and Public Employees for Environmental Responsibility,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>United States Forest Service, an agency of the Dept. of Agriculture, Susan Skalski, in her official capacity as Forest Supervisor of the Stanislaus National Forest, and Randy Moore, in his official capacity as Regional Forester U.S. Forest Service, Pacific Southwest Region,<br><br>　　　　Defendants,<br><br>　and<br><br>California Ass'n of Four Wheel Drive Clubs, Merced Dirt Riders, Modesto Houndsmen, District 36 Motorcycle Sports Committee, California Off Road Vehicle Association, Blue Ribbon Coalition, and California Outdoor Heritage Alliance,<br><br>　　　　_____ Intervenors. | Civil No. 10-02172-KJM-GGH<br><br>Federal Defendants' Response to Notice of Related Case<br><br><br><br>Date: n/a<br>Time: n/a<br>Place: n/a<br>Judge: Hon. Kimberly J. Mueller |

CV 10-2172: US Response to Notice of Related Case

## INTRODUCTION

Pursuant to Local Rule 123, Plaintiffs Central Sierra Environmental Resource Center *et al.*, ("CSERC") request that the Court consider the newly-filed case, <u>Friends of Tahoe Access v. U.S. Department of Agriculture</u>, Civ. No. 12-01876-JAM-CKD, which was filed by a different set of plaintiffs who are off-road vehicle enthusiasts, to be related to the above-captioned case. CSERC Plaintiffs contend that the cases are related and that <u>Friends of Tahoe Access</u> should be assigned to the same judge – presumably the Honorably Kimberly Mueller, who is presiding over the lower-numbered case and who heard oral argument on the parties' cross-motions for summary judgment in the instant case in June 2011. In <u>Friends of Tahoe Access</u>, the Answer has not yet been filed and no case management plan has been proposed or entered. Defendants respectfully submit that the two matters are clearly not related.

## ARGUMENT

Local Rule 123 provides that cases are related when:

(1) both actions involve the same parties and are based on the same or a similar claim;
(2) both actions involve the same property, transaction, or event;
(3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or
(4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

As explained below, the two cases meet none of the requirements of Rule 123, and therefore are not related.

First, the matters do not involve identical parties. While CSERC Plaintiffs point out that the Forest Service is a common defendant in both cases, Pls.' Notice of Related Case at 3 (ECF No. 56), this fact does not satisfy the requirements of Local Rule 123 because the plaintiffs in the two cases differ and both actions are not "based on the same or a similar claim." Plaintiffs in <u>Central Sierra Environmental Resource Center</u> are environmental groups who challenge the 2009 Motorized Travel Management Plan for the Stanislaus National Forest, while the plaintiffs in <u>Friends of Tahoe Access</u> are off-road vehicle enthusiasts who challenge the 2010 Motorized Travel Management Plan for the Tahoe National Forest. These groups have different interests regarding the use of different National

CV 10-2172: US Response to Notice of Related Case   - 1 -

Forest System lands. Plaintiffs in <u>Central Sierra Environmental Resource Center</u> seek to close more areas of the Stanislaus National Forest to off-road vehicle use. The plaintiffs in <u>Friends of Tahoe Access</u> seek to open more areas of the Tahoe National Forest to public motorized use. The plaintiffs in <u>Friends of Tahoe Access</u> have not indicated an interest in the Stanislaus National Forest's Motorized Travel Management Plan.[1]/

Second, the two cases do not involve the same property, transaction or event. Because the two sets of plaintiffs have challenged two separate Forest Service decisions governing separate National Forests located in different geographic areas, the same property is not at issue in both cases. The same transaction or event is not involved either. Plaintiffs' suggestion that the Forest Service engaged in "parallel administrative proceedings" simply because the Forest Service followed applicable laws and regulations for Motorized Vehicle Management planning does not advance their cause. Pls.' Notice of Related Case at 3. The challenged Forest Service decisions were made by different agency decision-makers at different points in time, based on separate administrative records, and authorize different site-specific activities.

Third, the cases do not involve the same questions of fact or law. Plaintiffs assert that the two cases are related because both cases include claims that the Forest Service failed to comply with the National Environmental Policy Act ("NEPA") with respect to the agency's alternatives analysis in issuing decisions authorizing certain motorized vehicle uses. Pls.' Notice of Related Case at 3. However, the question of whether the Forest Service complied with NEPA in both cases would have to be adjudicated based on the separate and differing administrative records for the respective decisions. <u>Camp v. Pitts</u>, 411 U.S. 138, 142 (1973) (judicial review under Administrative Procedure Act is to be based upon the administrative record before the agency). Each decision reflects the unique conditions, issues, and environmental impacts related to the proposed action. Relating the cases will not relieve either the litigants from the duty to base their arguments on the administrative

---

[1]/ The fact that there are off-road enthusiasts involved in this case as intervenors does not change the conclusion that the first criterion to establish a related case is not met. The intervenor parties do not overlap the parties in <u>Friends of Tahoe Access</u>. Moreover, the intervenors in this case did not raise independent challenges to the 2009 Motorized Travel Management Plan; instead, they joined the Forest Service in defending the agency's decision.

CV 10-2172: US Response to Notice of Related Case   - 2 -

records for the specific Motorized Travel Management Plan that is at issue, or the court from the duty to review each applicable record in reaching its decisions. Furthermore, this Court, which has heard oral argument on the merits in <u>Central Sierra Environmental Resource Center</u>, does not have familiarity with the Motorized Travel Management Plan for the Tahoe National Forest that is at issue in <u>Friends of Tahoe Access</u>. Thus, assignment to the same judge would not effect a substantial savings of judicial effort.

Finally, there is no other reason tied to a substantial duplication of effort that can support a finding that the cases are related. Even if both sets of plaintiffs have raised NEPA concerns about Forest Service motorized vehicle management decisions – albeit on different National Forests that are not adjacent – this fact is unremarkable. Plaintiffs' logic would lead to the untenable conclusion that all NEPA challenges to the Forest Service's motorized travel management planning decisions across the country are related and should be heard by the same judge, although different facts are at issue.[2] Therefore, the Court should not find that these cases are related under Local Rule 123.

**CONCLUSION**

For the reasons set forth above, <u>Central Sierra Environmental Resource Center v. U.S. Forest Service</u> and <u>Friends of Tahoe Access v. U.S. Department of Agriculture</u> are not related cases under Local Rule 123.

September 6, 2012            Respectfully submitted,

                                            Ignacia S. Moreno
                                            Assistant Attorney General

                                          /s/ Cynthia S. Huber
                                            Cynthia S. Huber
                                            Assistant Section Chief
                                            Natural Resources Section
                                            Environment and Natural Resources Division
                                            United States Department of Justice

---

[2] It is not clear why CSERC Plaintiffs have chosen this time to raise the argument that challenges to Forest Service motorized vehicle management decisions are somehow inherently related. There are other such cases pending in the district in addition to this one. See, e.g., <u>Ctr. for Sierra Nevada Conservation v. U.S. Forest Serv.</u>, Civ. Nos. 09-2523, 09-1750 (E.D. Cal.); <u>Klamath-Siskiyou Wildlands Ctr. v. Grantham</u>, Civ. No. 11-439 (E.D. Cal.). CSERC Plaintiffs do not explain why <u>Friends of Tahoe Access</u> is somehow related to this case but not the others.

|   |   |
|---|---|
| 1 | P.O. Box 7611 |
| 2 | Washington, D.C. 20044-7611<br>Telephone: (202) 514-5273 |
|   | Facsimile: (202) 305-0506 |
| 3 | Cynthia.Huber@usdoj.gov |
|   | Counsel for Federal Defendants |

Of Counsel:
Sarah Birkeland
U.S. Department of Agriculture
Office of General Counsel
33 New Montgomery Street
San Francisco, CA
Telephone: (415) 744-3167
Sarah.Birkeland@ogc.usda.gov

CERTIFICATE OF SERVICE

I hereby certify that on September _, 2012, I electronically transmitted the Federal Defendants' Response to Notice of Related Case using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory C. Loarie
Earthjustice
gloarie@earthjustice.org

Erin M. Tobin
Earthjustice
etobin@earthjustice.org

Paul A. Turcke
Moore Smith Buxton & Turcke, Chartered
pat@msbtlaw.com


                                                /s/ Cynthia S. Huber
                                                Attorney for Federal Defendants