GREGORY C. LOARIE, State Bar No. 215859
CHRISTOPHER W. HUDAK, State Bar No. 282283
Earthjustice
50 California Street, Suite 500
San Francisco, CA  94111
T: (415) 217-2000 / F: (415) 217-2040
gloarie@earthjustice.org
chudak@earthjustice.org

*Counsel for Proposed Defendant-Intervenors*
*The Wilderness Society, et al.*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| FRIENDS OF TAHOE FOREST ACCESS; WEBILT FOUR WHEEL DRIVE CLUB; FRIENDS OF GREENHORN; NEVADA COUNTY WOODS RIDERS; GRASS VALLEY 4-WHEEL DRIVE CLUB; HIGH SIERRA MOTORCYCLE CLUB; DAVID C. WOOD, an individual; and KYRA, an individual, | Case No. 2:12-cv-01876-JAM-CKD |
| | [PROPOSED] ANSWER OF PROPOSED DEFENDANT-INTERVENORS THE WILDERNESS SOCIETY, *ET AL.* |
| Plaintiffs, | |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE; TOM VILSACK, in his official capacity as Secretary of the Department of Agriculture; UNITED STATES FOREST SERVICE; TOM TIDWELL, in his official capacity as Chief of the United States Forest Service; RANDY MOORE, in his official capacity as Regional Forester for the United States Forest Service's Pacific Southwest Region; and TOM QUINN, in his official capacity as Forest Supervisor at the Tahoe National Forest, | Date:      November 7, 2012<br>Time:      9:30 a.m.<br>Judge:    Hon. John A. Mendez<br>Place:     Courtroom 6 |
| Defendants, | |
| and | |
| THE WILDERNESS SOCIETY; MOTHER LODE CHAPTER OF THE SIERRA CLUB; FOREST ISSUES GROUP; SIERRA FOOTHILLS AUDUBON SOCIETY; and PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, | |
| Proposed Defendant-Intervenors. | |

1    Proposed Defendant-Intervenors The Wilderness Society, Forest Issues Group, Public

2    Employees for Environmental Responsibility, Sierra Club Mother Lode Chapter, and Sierra Foothills

3    Audubon Society  (collectively, "TWS") answer the Complaint for Declaratory and Injunctive Relief

4    ("Complaint") filed on July 17, 2012 by plaintiffs Friends of Tahoe Forest Access, *et al.* ("FTFA")

5    as follows:

6    **INTRODUCTION**

7    1.    The first sentence of paragraph 1 constitutes FTFA's characterization of its lawsuit, to

8    which no response is required.  TWS specifically denies the allegations in the second sentence of

9    paragraph 1 that closure of roads or trails to motor vehicle use effectively prevents human access to

10   Tahoe National Forest.  The remaining allegations in the second and third sentences of paragraph 1

11   consist of conclusions of law to which no response is required.

12   2.    Paragraph 2 consists of conclusions of law to which no response is required.  To the

13   extent a response is deemed necessary, TWF denies the allegations.

14   3.    The first sentence of paragraph 3 purports to characterize the Final Environmental

15   Impact Statement and Record of Decision, a document that speaks for itself.  TWF denies the

16   remaining allegations in paragraph 3.

17   4.    TWS denies the allegations set forth in paragraph 4.

18   5.    The allegations in paragraph 5 constitute FTFA's characterization of its lawsuit, to

19   which no response is required.

20   **Jurisdiction and Venue**

21   6.    The allegations set forth in paragraph 6 are conclusions of law, to which no response

22   is required.

23   7.    The allegations in paragraph 7 are conclusions of law, to which no response is

24   required.

25   **PARTIES**

26   **Plaintiffs**

27   8.    TWS lacks knowledge or information sufficient to form a belief as to the truth of the

28   allegations in paragraph 8, and therefore denies them.

9.      TWS denies the allegations set forth in paragraph 9.

10.      TWS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences in paragraph 10, and therefore denies them. TWS denies the allegations in the third sentence of paragraph 10.

11.      TWS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 11, and therefore denies them. TWS denies the remaining allegations in paragraph 11.

12.      TWS denies the final allegations in the final sentence of paragraph 12. TWS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore denies them.

13.      TWS denies the allegations in the final sentence of paragraph 13. TWS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore denies them.

14.      TWS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences in paragraph 14, and therefore denies them. TWS denies the allegations in the third sentence.

15.      TWS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 15, and therefore denies them. TWS denies the allegations in the third sentence.

16.      TWS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences in paragraph 16, and therefore denies them. TWS denies the allegations in the final sentence of paragraph 16.

17.      TWS lacks knowledge or information sufficient to form a belief as to the truth of the allegations the first, second, third, and fourth sentences in paragraph 17, and therefore denies them. TWS denies the allegations in the final sentence of paragraph 17.

**Defendants**

18.      TWS admits the allegations in paragraph 18.

19.      TWS admits the allegations in paragraph 19.

20.     TWS admits the allegations in paragraph 20.

21.     TWS admits the allegations in paragraph 21.

22.     TWS admits the allegations in paragraph 22.

23.     TWS admits the allegations in paragraph 23.

## LEGAL FRAMEWORK

**The National Environmental Policy Act**

24.     The allegations in paragraph 24 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of NEPA or Council on Environmental Quality regulations that implement NEPA.

25.     The allegations in paragraph 25 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of NEPA or Council on Environmental Quality regulations that implement NEPA.

**The Administrative Procedure Act**

26.     The allegations in paragraph 26 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of the APA.

## GENERAL ALLEGATIONS AND BACKGROUND

**The United States Forest Service's 2005 Travel Management Rule: Background**

27.     TWS admits that the Forest Service published in the Federal Register a Travel Management Rule in 2005.  The remaining allegations in paragraph 27 purport to characterize the contents of a Federal Register notice.  The Federal Register notice is the best evidence of its contents and therefore no response is required.

28.     The allegations in paragraph 28 purport to characterize the contents of a Federal Register notice.  The Federal Register notice is the best evidence of its contents and therefore no response is required.

29.     The allegations in paragraph 29 purport to characterize the contents of a Federal Register notice.  The Federal Register notice is the best evidence of its contents and therefore no response is required.

30.     The allegations in paragraph 30 purport to characterize the contents of a Federal Register notice.  The Federal Register notice is the best evidence of its contents and therefore no response is required.

31.     The allegations in paragraph 31 purport to characterize the contents of a Federal Register notice.  The Federal Register notice is the best evidence of its contents and therefore no response is required.

**The United States Forest Service's 2005 Travel Management Rule:  Structure**

32.     The allegations in the first sentence of paragraph 32 are conclusions of law, to which no response is required.  TWS admits the allegations in the second sentence of paragraph 32.

33.     The allegations in paragraph 33 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of the Travel Management Rule.

34.     The allegations in paragraph 34 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of the Travel Management Rule.

35.     The allegations in paragraph 35 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of the Travel Management Rule.

36.     The allegations in paragraph 36 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of the Travel Management Rule.

37.     The allegations in paragraph 37 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of the Travel Management Rule.

38.     The first sentence of paragraph 38 constitutes FTFA's characterization of its lawsuit, to which no response is necessary.  TWS denies the allegations in the second sentence of paragraph 38.

### DEFENDANTS' IMPLIMENTATION OF THE 2005 TRAVEL MANAGEMENT RULE AT THE TAHOE NATIONAL FOREST: DRAFT AND SUPPLEMENTAL DRAFT ENVIRONMENTAL IMPACT STATEMENTS

39.     The allegations in paragraph 39 purport to characterize the contents of a Federal Register notice.  The Federal Register notice is the best evidence of its contents and therefore no response is required.

40.     TWS admits the allegations in the first sentence of paragraph 40.  The allegations in the remaining sentences of paragraph 40 purport to characterize the contents of the Draft Environmental Impact Statement and Supplemental Draft Environmental Impact Statement ("Statements").  The Statements are the best evidence of their content and therefore no response is required.

41.     TWS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 41.  TWS denies the allegations set forth in the second sentence of paragraph 41.

### DEFENDANTS' IMPLIMENTATION OF THE 2005 TRAVEL MANAGEMENT RULE AT THE TAHOE NATIONAL FOREST: FINAL ENVIRONMENTAL IMPACT STATEMENT AND RECORD OF DECISION

42.     The allegations in the first four sentences of paragraph 42 purport to characterize the contents of a letter from Tom Quinn, Tahoe National Forest Supervisor.  The letter is the best evidence of its content and therefore no response is required. TWS denies the allegations set forth in the last sentence of paragraph 42.

43.     The allegations in paragraph 43 purport to characterize the contents of the Final Record of Decision and Final Environmental Impact Statement.  The Final Record of Decision and Final Environmental Impact Statement are the best evidence of their content and therefore no response is required.

44.     TWS denies the allegations in the first sentence of paragraph 44. The remaining allegations in paragraph 44 purport to characterize the contents of the Final Record of Decision and Final Environmental Impact Statement.  The Final Record of Decision and Final Environmental Impact Statement are the best evidence of their content and therefore no response is required.

45.     The allegations in the first sentence in paragraph 1 are conclusions of law, to which no response is necessary.  To the extent a response is deemed necessary, the allegations in the first sentence are denied.  TWS denies the allegations in the second sentence of paragraph 45.  The allegations in the third and fourth sentences of paragraph 45 purport to characterize a federal district court case.  That federal district court case is the best evidence of its content and therefore no response is required.    TWS denies the allegations in the last sentence of paragraph 45.

46.     Paragraph 46 consists of conclusions of law, to which no response is required.  To the extent that a response is deemed required, the allegations in paragraph 46 are denied.

## SPECIFIC ALLEGATIONS THAT
## SUPPORT DECLARATORY RELIEF

47.     TWS incorporates by reference its responses set forth above.

48.     Paragraph 48 consists of conclusions of law, to which no response is required.  To the extent that a response is deemed required, the allegations in paragraph 48 are denied.

49.     Paragraph 49 consists of conclusions of law, to which no response is required.  To the extent that a response is deemed required, the allegations in paragraph 49 are denied.

50.     TWS denies the allegations in paragraph 50.

## SPECIFIC ALLEGATIONS THAT
## SUPPORT INJUNCTIVE RELIEF

51.     TWS incorporates by reference its responses set forth above.

52.     TWS denies the allegations in paragraph 52.

53.     TWS denies the allegations in paragraph 53.

54.     Paragraph 54 consists of conclusions of law, to which no response is required.  To the extent that a response is deemed required, the allegations in paragraph 54 are denied.

55.     TWS denies the allegations in paragraph 55.

**CLAIMS FOR RELIEF**

**First Claim for Relief**
**Unlawful Purpose and Need for Action**
**(Violation of National Environmental Policy Act and Administrative Procedure Act)**

56.     TWS incorporates by reference its responses set forth above.

57.     The allegations in paragraph 57 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of NEPA.

58.     The allegations in paragraph 58 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of Council on Environmental Quality regulations that implement NEPA.

59.     The allegations in paragraph 59 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of NEPA, Council on Environmental Quality regulations that implement NEPA, or the Travel Management Rule.

60.     TWS denies the allegations set forth in paragraph 60.

61.     The allegations in the first sentence of paragraph 61 purport to characterize the contents of the Final Environmental Impact Statement.  The Final Environmental Impact Statement is the best evidence of its content and therefore no response is required.  TWS denies the allegations in the second sentence or paragraph 61.

62.     TWS denies the allegations set forth in paragraph 62.

63.     The allegations in paragraph 63 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language the APA.

**SECOND CLAIM FOR RELIEF**

**Unlawful "No Action" Alternative**
**(Violation of National Environmental Policy Act and Administrative Procedure Act)**

64.     TWS incorporates by reference its responses set forth above.

65.     The allegations in paragraph 65 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of NEPA or Council on Environmental Quality regulations that implement NEPA.

66.     The allegations in paragraph 66 purport to characterize the contents of guidance issued by the Council on Environmental Quality.  The guidance issued by the Council on Environmental Quality is the best evidence of its content and therefore no response is required.

67.     The allegations in the first sentence of paragraph 67 purport to characterize the contents of guidance issued by the Council on Environmental Quality.  The guidance issued by the Council on Environmental Quality is the best evidence of its content and therefore no response is required.  The allegations in the second sentence of paragraph 67 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of NEPA.

68.     The allegations in paragraph 68 purport to characterize the contents of the Final Environmental Impact Statement and the Record of Decision.  The Final Environmental Impact Statement and the Record of Decision are the best evidence of their content and therefore no response is required.

69.     The allegations in the first four sentences of paragraph 69 purport to characterize the contents of the Record of Decision.  The Record of Decision is the best evidence of its content and therefore no response is required.  TWS denies the allegations in the last sentence of paragraph 69.

70.     TWS denies the allegations in paragraph 70.

71.     TWS denies the allegations in paragraph 71.

72.     TWS denies the allegations in paragraph 72.

**THIRD CLAIM FOR RELIEF**

**Failure to Consider Reasonable Range of Alternatives**
**(Violation of National Environmental Policy Act and Administrative Procedure Act)**

73.     TWS incorporates by reference its responses set forth above.

74.     The allegations in paragraph 74 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language NEPA.

75.     The allegations in paragraph 75 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of Council on Environmental Quality regulations that implement NEPA.

76.     The allegations in paragraph 76 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of Council on Environmental Quality regulations that implement NEPA.

77.     The allegations in paragraph 77 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of Council on Environmental Quality regulations that implement NEPA.

78.     TWS denies the allegations in paragraph 78.

79.     The allegations in the first sentence of paragraph 79 are conclusions of law, to which no response is required.  To the extent a response is deemed necessary, TWS denies the allegations in the first sentence of paragraph 79.  TWS denies the remaining allegations in the second and third sentences of paragraph 79.

80.     The allegations in paragraph 80 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language the APA.

1

**FOURTH CLAIM FOR RELIEF**

2

**Failure to Articulate a Rational Connection Between
Defendants' Conclusions and the Defendants' Rejection of Alternative 5**

3

**(Violation of National Environmental Policy Act and Administrative Procedure Act)**

4

81.     TWS incorporates by reference its responses set forth above.

5

82.     The allegations in paragraph 82 purport to characterize the contents of the Record of

6

Decision.  The Record of Decision is the best evidence of its contents and therefore no response is

7

required.

8

83.     The allegations in paragraph 83 purport to characterize the contents of the Final

9

Environmental Impact Statement.  The Final Environmental Impact Statement is the best evidence of

10

its contents and therefore no response is required.

11

84.     TWS denies the allegations set forth in paragraph 84.

12

85.     The allegations in paragraph 85 are conclusions of law, to which no response is

13

required.  To the extent that a response is deemed necessary, TWS denies any allegations that are

14

inconsistent with the plain language the APA.

15

**FIFTH CLAIM FOR RELIEF**

16

**Failure to Provide Site-Specific Analysis
in the Final Environmental Impact Statement**

17

**(Violation of National Environmental Policy Act and Administrative Procedure Act)**

18

86.     TWS incorporates by reference its responses set forth above.

19

87.     The allegations in paragraph 87 are conclusions of law, to which no response is

20

required.  To the extent that a response is deemed necessary, TWS denies any allegations that are

21

inconsistent with the plain language of NEPA or the Council on Environmental Quality regulations

22

that implement NEPA.

23

88.     The allegations in paragraph 88 are conclusions of law, to which no response is

24

required.  To the extent that a response is deemed necessary, TWS denies any allegations that are

25

inconsistent with the plain language of NEPA or the Council on Environmental Quality regulations

26

that implement NEPA.

27

28

89.     The allegations in paragraph 89 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of NEPA or the Council on Environmental Quality regulations that implement NEPA.

90.     The allegations in the first sentence of paragraph 90 are conclusions of law, to which no response is required.  The second sentence of paragraph 90 purports to characterize the Final Environmental Impact Statement, to which no response is required. The Final Environmental Impact Statement is the best evidence for its content.  TWS denies the allegations in the third sentence of paragraph 90.

91.     The allegations in paragraph 91 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of the APA.

## SIXTH CLAIM FOR RELIEF

**Failure to Accurately Detail Human
and Environmental Impacts of Action
(Violation of National Environmental Policy Act and Administrative Procedure Act)**

92.     TWS incorporates by reference its responses set forth above.

93.     The allegations in paragraph 93 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of NEPA or the Council on Environmental Quality regulations that implement NEPA.

94.     The allegations in paragraph 94 purport to characterize the contents of the Final Environmental Impact Statement.  The Final Environmental Impact Statement is the best evidence of its contents and therefore no response is required.

95.     TWS denies the allegations set forth in paragraph 95.

96.     TWS denies the allegations in paragraph 96.

97.     TWS denies the allegations in paragraph 97.

98.     The allegations in paragraph 98 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies the allegations.

99.     The allegations in paragraph 99 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies the allegations.

**SEVENTH CLAIM FOR RELIEF**

**Failure to Adequately Consider Cumulative Impacts**
**(Violation of National Environmental Policy Act and Administrative Procedure Act)**

100.    TWS incorporates by reference its responses set forth above.

101.    The allegations in paragraph 101 are conclusions of law, to which no response is required.  To the extent a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of NEPA or the Council on Environmental Quality regulations that implement NEPA.

102.    The allegations in paragraph 102 are conclusions of law, to which no response is required.  To the extent a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of NEPA or the Council on Environmental Quality regulations that implement NEPA.

103.    The allegations in paragraph 103 are conclusions of law, to which no response is required.  To the extent a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of NEPA or the Council on Environmental Quality regulations that implement NEPA.

104.    TWS denies the allegations in paragraph 104.

105.    TWS denies the allegations in paragraph 105.

106.    The allegations in paragraph 106 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language of NEPA or the Council on Environmental Quality regulations that implement NEPA.

107.    The allegations in paragraph 107 are conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, TWS denies any allegations that are inconsistent with the plain language the APA.

## PRAYER FOR RELIEF

The remaining allegations in the Complaint contain *Friends of Tahoe's* request for relief, to which no response is required.  Unless specifically admitted herein, TWS denies each and every allegation in the Complaint.

## GENERAL DENIAL

Except as expressly admitted to or otherwise answered herein, TWS denies each and every allegation in set forth in Friends of Tahoe Forest Access *et al.*'s complaint.

## AFFIRMATIVE DEFENSES

1.      Some or all of the Plaintiffs lack standing to pursue some or all or the claims alleged.

2.      Some or all of Plaintiffs claims are not ripe for judicial review.

3.      Plaintiffs have failed to state a claim upon which relief can be granted as to one or more of their claims.

4.      Some of or all of Plaintiffs failed to exhaust their administrative remedies with respect to some or all or their claims.


WHEREFORE, TWS respectfully requests that the Court deny FTFA all relief it requests, dismiss the Complaint, and grant TWS such other relief as the Court deems appropriate.

Respectfully submitted,


Dated:  October 3, 2012                      /s/ Christopher W. Hudak____
                                             GREGORY C. LOARIE
                                             CHRISTOPHER W. HUDAK

                                             *Counsel for Proposed Defendant-Intervenors*
                                             *The Wilderness Society, et al.*