M. REED HOPPER, No. 131291
E-mail: mrh@pacificlegal.org
THEODORE HADZI-ANTICH, No. 264663
E-mail: tha@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

Attorneys for Plaintiffs Friends of
Tahoe Forest Access, et al.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF TAHOE FOREST ACCESS; et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; et al.,<br><br>    Defendants,<br><br>and<br><br>THE WILDERNESS SOCIETY; et al.,<br><br>    Proposed Defendant-Intervenors. | No. 2:12-cv-01876-JAM-CKD<br><br>**PLAINTIFFS' OPPOSITION TO THE WILDERNESS SOCIETY, ET AL.'S, MOTION TO INTERVENE**<br><br>Date:   November 7, 2012<br>Time:   9:30 a.m.<br>Judge:  Honorable John A. Mendez<br>Place:  Courtroom 6 |

Plaintiffs' Opposition to Motion to Intervene
No. 2:12-cv-01876-JAM-CKD

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ......................................................................... 1

ARGUMENT .............................................................................. 1

I.  THE PROPOSED DEFENDANT-INTERVENORS ARE NOT ENTITLED TO INTERVENE AS OF RIGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a) ............... 1

    A.  The Applicants Do Not Have a "Significantly Protectable" Interest Because They Will Not Suffer a "Practical Impairment of Their Interests" Should the Court Grant the Requested Relief ............... 2

    B.  Disposition of This Action Will Not Impair or Impede the Applicants' Ability to Protect Their Interests ..................... 3

    C.  Applicants' Interests Will Be Adequately Represented by Federal Defendants ........................................ 4

II. THE PROPOSED DEFENDANT-INTERVENORS ARE NOT ENTITLED TO PERMISSIVE INTERVENTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(b) ............... 6

III. IF ALLOWED TO INTERVENE, APPLICANTS SHOULD BE GRANTED ONLY LIMITED STATUS ......................... 8

CONCLUSION ............................................................................ 8

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111   FAX (916) 419-7747

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Arakaki v. Cayetano*, 324 F.3d 1078 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

*California ex rel. Lockyer v. United States*, 450 F.3d 436 (9th Cir. 2006) . . . . . . . . . . . . . 2-4, 7

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
   647 F.3d 893 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

*Dep't of Fair Employment & Housing v. Lucent Techs., Inc.*,
   642 F.3d 728 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

*Freedom from Religion Foundation, Inc. v. Geithner*,
   644 F.3d 836 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-8

*Greene v. United States*, 996 F.2d 973 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Perry v. Proposition 8 Official Proponents*, 587 F.3d 947 (9th Cir. 2009) . . . . . . . . . . . . . . . 6-7

*Sierra Club v. EPA*, 995 F.2d 1478 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) . . . . . . . . . . . . 3

*United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Oregon*, 839 F.2d 635 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . 1-2

**Rules**

Fed. R. Civ. P. 24 advisory committee's notes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 24(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 24(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 24(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Miscellaneous**

7C Wright, Miller & Kane, § 1909 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

## INTRODUCTION

This Court should deny the motion to intervene filed by The Wilderness Society, Sierra Club Mother Lode Chapter, Public Employees for Environmental Responsibility, Forest Issues Group, and Sierra Foothills Audubon Society (collectively, the "Proposed Defendant-Intervenors" or, alternatively, the "Applicants") because the Proposed Defendant-Intervenors are not entitled to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a). Nor have they met the criteria for permissive intervention under Federal Rule of Civil Procedure 24(b). If their motion to intervene is granted, the Proposed Defendant-Intervenors should have limited party status and, collectively with the government defendants, should be subject to the standard page limitations provided in the Local Rules.

## ARGUMENT

### I

### THE PROPOSED DEFENDANT-INTERVENORS ARE NOT ENTITLED TO INTERVENE AS OF RIGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)

Unless otherwise specifically provided by statute, to intervene of right a moving party has the burden to establish (a) "an interest relating to the property or transaction that is the subject of the action;" and (b) that it is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). The Ninth Circuit applies a four-part test to determine whether a party can intervene as of right pursuant to Rule 24(a)(2): "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." All four parts of the test must be met for intervention of right. *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). It is true that the Applicants' motion to intervene is timely. But the Applicants fail to meet the remaining three parts of the test.

**A. The Applicants Do Not Have a "Significantly Protectable"
Interest Because They Will Not Suffer a "Practical Impairment
of Their Interests" Should the Court Grant the Requested Relief**

"A putative intervenor will generally demonstrate a sufficient interest for intervention of right . . . if 'it will suffer a practical impairment of its interests as a result of the pending litigation.'" *Id.* at 1180-81 (citation omitted). Here, no such "practical impairment" will result if the Court should grant the relief requested.

In their Complaint, the Plaintiffs ask the Court to do three things: (1) declare the government defendants violated the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act ("APA") by approving and issuing the Final Environmental Impact Statement (the "EIS") and Record of Decision (the "ROD") for the Tahoe National Forest Motorized Travel Project (the "Tahoe Travel Management Project"); (2) declare the EIS and ROD for the Tahoe Travel Management Project are insufficient as a matter of law and order the government defendants to "undertake a new implementation of the 2005 Travel Management Rule" by developing and issuing a legally sufficient EIS and ROD for the Tahoe Travel Management Project, in accordance with the requirements of NEPA and the APA; and (3) enjoin the government defendants from restricting motorized access to Tahoe National Forest based on the EIS and ROD "unless and until the government defendants issue a legally sufficient" EIS AND ROD.

Thus, the Plaintiffs ask the Court to restore the status quo to a time before the government defendants acted illegally, and to require the government defendants to develop a new EIS and ROD in compliance with applicable legal requirements. The Plaintiffs do not ask this Court to make any declaration regarding the rights or interests of the Applicants. Neither do the Plaintiffs ask the Court to determine the substance of any future Tahoe Travel Management Project. The Plaintiffs seek only that the Court require the government defendants to ensure that any applicable EIS and ROD be prepared in accordance with legal requirements and that, until such time, the status quo ante be maintained as it existed before the EIS and ROD were illegally issued.

A movant has a significantly protectable interest in an action only if "'(1) it asserts an interest that is protected under some law, and (2) there is a "relationship" between its legally protected interest and the plaintiff's claims.'" *California ex rel. Lockyer v. United States*, 450 F.3d

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

Plaintiffs' Opposition to Motion to Intervene
No. 2:12-cv-01876-JAM-CKD            - 2 -

436, 441 (9th Cir. 2006) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). The Applicants here have not shown the requisite relationship between its legally protected interest (to continue to use and enjoy Tahoe National Forest) and the Plaintiffs' claims (whether the government defendants violated NEPA and the APA in issuing the EIS and ROD). The Applicants and their members will be able to continue to use and enjoy the Tahoe National Forest to the same extent as they did before the issuance of the EIS and ROD. Accordingly, the Applicants do not meet the "protectable interest" prong of Rule 24(a)(2).

**B. Disposition of This Action Will Not Impair or Impede the Applicants' Ability to Protect Their Interests**

Even if the Court were to hold that the Applicants meet the "protectable interest" prong, they must also meet the "impaired interest" prong to satisfy the requirements of intervention of right under Rule 24(a)(2). Specifically, the Applicants must show the required impairment is present by establishing the pending action could result in factual or legal determinations that would have a legal effect on their interests or available remedies. *United States v. Oregon*, 839 F.2d 635, 638-39 (9th Cir. 1988); *Greene v. United States*, 996 F.2d 973, 977-78 (9th Cir. 1993). In addition, the impaired interest prong is met "'if an absentee would be substantially affected in a practical sense by the determination made in an action.'" *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes). In this case, any determinations made by the Court will not have any legal effect on the Applicants or their members. Similarly, the grant of the relief requested by the Plaintiffs would have no practical effect on the Applicants. Here, as indicated, Plaintiffs will be unimpeded from using Tahoe National Forest as much or as little as they may like. They may use for their pleasure and enjoyment any portion of the forest to the same extent they have in the past, or more, or less, as they may choose. In short, a granting of the relief here will have no impact on the legal or practical rights of the Applicants to use and enjoy the Tahoe National Forest.

The Applicants citation to *California ex rel. Lockyer v. United States* is inapposite. In that case, the court decided that the interest of the applicant health care providers would have been impaired because, if California has succeeded on the merits, it would have been "free to prosecute

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111  FAX (916) 419-7747

Plaintiffs' Opposition to Motion to Intervene
No. 2:12-cv-01876-JAM-CKD          - 3 -

health care providers for failure to provide emergency abortion services," 450 F.3d at 442. By contrast, if the Plaintiffs prevail here, the Applicants will not be subject to any change in legal position, let alone enforcement risks.

Moreover, where an applicant has other means by which it may protect it's interests, intervention of right is not appropriate because the applicant's ability to protect its interests will not be impaired or impeded if the Court denies the intervention motion. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (creditor could not intervene of right in a government environmental enforcement action because it had other means of protecting its interests). Here, should the Court grant the requested relief, the Applicants will have the opportunity to fully protect their interests in the Tahoe National Forest by participating in future efforts of the government to develop a legally sufficient EIS and ROD for the Tahoe Travel Management Project, in accordance with legal requirements. Indeed, as set forth in the Applicants' own motion and attached declarations, the Applicants and their members have fully availed themselves of the opportunity to participate in the development of the current version of the EIS and ROD. *See* Applicants' Br. at 4-5; Dietz Decl. ¶ 4; B. Rivenes Decl. ¶ 6; D. Rivenes Decl. ¶ 5; Schambach Decl. ¶ 4. The Applicants have not alleged that they did not have an opportunity to adequately protect their interests in those proceedings. Nor have they alleged that they would be unable or somehow constrained to adequately protect their interests in future proceedings of the government defendants to develop a legally sufficient EIS and ROD for the Tahoe Travel Management Project.

Accordingly, because (1) the grant of relief in this case will not affect the legal or practical rights of the Applicants, and (2) the Applicants can adequately protect their interests without intervening in this litigation, they have not shown that they are entitled to intervention of right under the "impaired interest" prong.

### C. Applicants' Interests Will Be Adequately Represented by Federal Defendants

The Applicants have the same ultimate objective as the federal defendants, namely, to have this case dismissed and prevent this Court from granting Plaintiffs their requested relief.

1  Therefore, it should be presumed the federal defendants will adequately represent NAM's interests.
2  *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011).

3  The Ninth Circuit has articulated three factors that must be examined when deciding
4  whether a defendant adequately represents the interests of a proposed intervenor: "(1) whether the
5  interest of a present party is such that it will undoubtedly make all of a proposed intervenor's
6  arguments; (2) whether the present party is capable and willing to make such arguments; and
7  (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other
8  parties would neglect." *Citizens for Balanced Use*, 647 F.3d at 898 (quoting *Arakaki v. Cayetano*,
9  324 F.3d 1078, 1086 (9th Cir. 2003)). Furthermore, "[i]f an applicant for intervention and an
10 existing party share the same ultimate objective, a presumption of adequacy of representation
11 arises." *Citizens for Balanced Use*, 647 F.3d at 898. If a government actor and the proposed
12 intervenor are on the same side, there is a presumption of adequacy of representation. *United*
13 *States v. City of Los Angeles*, 288 F.3d 391, 401 (9th Cir. 2002). Such a presumption arises "when
14 the government is acting on behalf of a constituency that it represents" and not in a situation where
15 it acts as an employer. *Id.* To overcome such a presumption, the proposed intervenor must make
16 "a 'very compelling showing to the contrary' " or "it will be presumed that a state adequately
17 represents its citizens." *Arakaki*, 324 F.3d at 1086 (quoting 7C Wright, Miller & Kane, § 1909,
18 at 332). Significantly, if the proposed intervenor and a party to the lawsuit "share the same
19 ultimate objective, differences in litigation strategy do not normally justify intervention." *Id.*

20 In *Freedom from Religion Foundation, Inc. v. Geithner*, the Ninth Circuit recently upheld
21 a district court determination that the federal government adequately represented the interests of
22 a private party in a case involving the interpretation of a law. 644 F.3d 836, 841-43 (9th Cir.
23 2011). The Ninth Circuit stated: where "the federal defendants have demonstrated that their
24 ultimate objective is to uphold" a law, and that is the same objective as the proposed intervenor,
25 the federal government will adequately represent the interests of the proposed intervenor. *Id.* at
26 841. That is precisely the case here. The federal defendants are seeking to uphold the EIS and
27 ROD, which, if deemed valid, would give legal effect to the Tahoe Travel Management Project.
28 ///

Plaintiffs' Opposition to Motion to Intervene
No. 2:12-cv-01876-JAM-CKD          - 5 -

That also is the sole reason the Proposed Defendant-Intervenors are seeking to intervene here. The "ultimate objective" of both groups is identical.

Therefore, as in *Freedom from Religion Foundation,* the federal defendants will adequately represent the interests of the Proposed Defendant-Intervenors. Any "differences in litigation strategy" between them "do not normally justify intervention." *Arakaki*, 324 F.3d at 1086.

The Proposed Defendant-Intervenors have not alleged that the federal defendants (1) will not make the arguments that the Proposed Defendant-Intervenors intend to make, (2) are incapable of adequately making such arguments, or (3) would neglect to offer any necessary elements of the defense that could be provided only by the Proposed Defendant-Intervenors. *Citizens for Balanced Use*, 647 F.3d at 898. Accordingly, the Proposed Defendant-Intervenors have failed to make the "very compelling showing" required to rebut the presumption that their interests will be adequately defended in this case by the federal defendants. *Arakaki*, 324 F.3d at 1086.

## II

### THE PROPOSED DEFENDANT-INTERVENORS ARE NOT ENTITLED TO PERMISSIVE INTERVENTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(b)

Neither should the Applicants be granted permissive intervention pursuant to Federal Rule of Civil Procedure 24(b), which provides in relevant part: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The Ninth Circuit has "often stated that permissive intervention 'requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.' " *Freedom from Religion Found.*, 644 F.3d at 843 (citation omitted). Additionally, "[w]here a putative intervenor has met these requirements, the court may also consider other factors in the exercise of its discretion, including "the nature and extent of the intervenors' interest" and "whether the intervenors' interests are adequately represented by other parties . . . [and] whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (citations omitted).

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1    As indicated, "the nature and extent of the intervenors' injury" is tenuous in this case.
2 Although they have an interest in using and enjoying Tahoe National Forest, the granting of the
3 relief requested here will not stop them from doing so. They will be able to enjoy the area to the
4 same extent they did before the EIS and ROD were issued, and they will be able to participate
5 without constraint in any subsequent proceedings that may be required as a result of any order
6 issued by this Court. In addition, although they have an interest in determining which areas of the
7 forest will be foreclosed from motorized traffic, that issue is not before this Court. *Perry*, 587 F.3d
8 at 955. The sole issue here is whether the government defendants violated NEPA and the APA
9 procedurally, legal requirements that apply only to the government defendants and not to the
10 Applicants. Certainly the government defendants will defend against claims that they violated the
11 law at least as vigorously as the Applicants would defend against claims that the government
12 violated the law. *Id.*

13    This raises the question of whether there is any "common question of law or fact" that the
14 Proposed Defendant-Intervenors may have with the main case. To the extent the Proposed
15 Defendant-Intervenors will raise defenses not raised by the government defendants, those defenses
16 are unlikely to have anything to do with whether the government complied with NEPA or the APA,
17 in which case they would not share common questions of law or fact and, therefore, would be
18 beyond the ambit of permissive intervention under Rule 24(b). *Freedom from Religion Found.*,
19 644 F.3d at 843. On the other hand, to the extent that the Proposed Defendant-Intervenors will
20 raise the same defenses as the government defendants, the government defendants are fully capable
21 of raising such defenses, and they have every incentive to so do. Accordingly, *if* the Applicants'
22 defenses share common questions of law or fact with the main case, the government defendants
23 can adequately defend against the Plaintiffs' claims and, for that reason, the Applicants' motion
24 should be denied. *California ex rel. Lockyer v. United States*, 450 F.3d at 443-44 (an applicant
25 "must demonstrate a likelihood that the government will abandon or concede a potentially
26 meritorious" position). But if the Applicants' defenses do not share common questions of law or
27 fact with the main claim, then the Applicants are not entitled to permissive intervention under Rule
28 ///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

24(b). *Freedom from Religion Found.*, 644 F.3d at 843. In either event, the Applicants motion to intervene permissively should be denied.

### III

### IF ALLOWED TO INTERVENE, APPLICANTS SHOULD BE GRANTED ONLY LIMITED STATUS

If the Court nevertheless allows the Applicants to intervene, it should exercise its discretion to limit intervention to the remedial phase of this action. *See Dep't of Fair Employment & Housing v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (intervention may be limited to the remedy phase where Proposed Defendant-Intervenors will raise same defense as current defendants in the liability phase of the proceeding). *See also Donnely v. Glickman*, 159 F.3d at 410 (same).

Additionally, to serve the interests of judicial economy, ensure the efficient conduct of the proceedings, and avoid unnecessarily burdening the Court and unfairly prejudicing the Plaintiffs with duplicative and lengthy defense briefings representing the same perspective, the Court should require Applicants to file their briefs jointly with the government defendants and any other party granted leave to intervene as a defendant. But, in the event the Court grants the Applicants the right to file their own briefs then, to ensure compliance with the Court's page limitation rules and to avoid undue prejudice to the Plaintiffs, both the government defendants and all defendant-intervenors should be limited collectively to the standard page limitations for briefs provided in the Local Rules for each side.

Alternatively, the Court may direct the Applicants to seek leave to file an amicus brief so that they may participate herein without unreasonably complicating the litigation by attaining intervenor status.

### CONCLUSION

For the foregoing reasons, Applicants' Motion to Intervene should be denied. If allowed to intervene, Applicants should be granted limited status, with consolidated briefing by all parties

///

///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1  defendant.  At the very least, all parties defendant collectively should be limited to the standard
2  page limitations for briefs provided in the Local Rules.
3       DATED: October 22, 2012.

Respectfully submitted,

M. REED HOPPER
THEODORE HADZI-ANTICH


By   /s/ Theodore Hadzi-Antich
     THEODORE HADZI-ANTICH

Attorneys for Plaintiffs Friends of
Tahoe Forest Access, et al.

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA  95814
(916) 419-7111  FAX (916) 419-7747

Plaintiffs' Opposition to Motion to Intervene
No. 2:12-cv-01876-JAM-CKD     - 9 -