1   IGNACIA S. MORENO
    Assistant Attorney General
2   BEVERLY F. LI
    Trial Attorney
3   United States Department of Justice
    Environment & Natural Resources Division
4   P.O. Box 7611
    Washington, DC 20044-7611
5   Telephone: (202) 353-9213
    Facsimile: (202) 305-0506
6
7   Attorneys for Federal Defendants
8
9
                    IN THE UNITED STATES DISTRICT COURT
10                 FOR THE EASTERN DISTRICT OF CALIFORNIA

11  FRIENDS OF TAHOE FOREST ACCESS;  )   Civil No. 12-01876-JAM-CKD
    WEBILT FOUR WHEEL DRIVE CLUB;    )
12  FRIENDS OF GREENHORN; NEVADA     )
    COUNTY WOODS RIDERS; GRASS       )
13  VALLEY 4-WHEEL DRIVE CLUB; HIGH  )
    SIERRA MOTORCYCLE CLUB;          )
14  DAVID C. WOOD, an individual; and )
    KYRA, an individual,             )
15                                   )
              Plaintiffs,            )   FEDERAL DEFENDANTS' ANSWER
16                                   )   TO PLAINTIFFS' COMPLAINT
              v.                     )
17                                   )
    UNITED STATES DEPARTMENT OF      )
18  AGRICULTURE; TOM VILSACK, in his )
    official capacity as Secretary of the )
19  Department of Agriculture; UNITED )
    STATES FOREST SERVICE; TOM       )
20  TIDWELL, in his official capacity as )
    Chief of the U.S. Forest Service; RANDY )
21  MOORE, in his official capacity as )
    Regional Forester for the U.S. Forest )
22  Service's Pacific Southwest Region; and )
    TOM QUINN, in his official capacity as )
23  Forest Supervisor for the Tahoe National )
    Forest,                          )
24                                   )
              Federal Defendants.    )
25  _____ )
26
27        Federal Defendants U.S. Forest Service, *et al.*, by and through their undersigned counsel,

28  hereby respond to the correspondingly numbered paragraphs of Plaintiffs' Complaint, as follows:

1. The allegations in the first sentence of Paragraph 1 consist of Plaintiffs' characterization of their case, to which no response is required. Federal Defendants deny the allegations in the second and third sentences of Paragraph 1.

2. Federal Defendants deny the allegations in Paragraph 2.

3. Federal Defendants deny the allegations in the first and fourth sentences of Paragraph 3. With respect to the allegations in the second and third sentences of Paragraph 3, Federal Defendants state that under the existing condition before the implementation of the 2005 Travel Management Rule, motorized vehicle travel outside of National Forest Transportation System roads and trails was not prohibited where the Tahoe National Forest Land and Resource Management Plan did not place restrictions on public cross-country motorized vehicle travel and where no Forest Service closure order was in place, and deny the remainder of the allegations set forth therein. To the extent the allegations in Paragraph 3 purport to characterize the Final Environmental Impact Statement ("FEIS") and Record of Decision ("ROD") for the Tahoe National Forest Travel Management Project, those documents speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation that the FEIS and ROD are inadequate or unlawful.

4. Federal Defendants deny the allegations in the first sentence of Paragraph 4. With respect to the allegations in the second sentence of Paragraph 4, Federal Defendants are without sufficient knowledge or information to respond to the allegations regarding who Plaintiffs consist of, and therefore deny those allegations. Federal Defendants deny the remainder of the allegations in the second sentence of Paragraph 4, and further deny any allegation that the FEIS and ROD are unlawful.

5. The allegations in Paragraph 5 consist of Plaintiffs' characterization of their case and their requested relief, to which no response is required. Federal Defendants deny that Plaintiffs are entitled to the relief they request, or to any relief whatsoever. Federal Defendants further deny that the FEIS and ROD are unlawful.

6. The allegations in Paragraph 6 consist of conclusions of law, to which no response is required.

7.     The allegations in Paragraph 7 consist of conclusions of law, to which no response is required.  Federal Defendants admit that the Tahoe National Forest lies within the Eastern District of California and is in California.

8.     Federal Defendants are without sufficient knowledge or information to respond to the allegations in Paragraph 8, and therefore deny the allegations set forth therein.

9.     Federal Defendants deny the allegations in Paragraph 9.

10.    Federal Defendants are without sufficient knowledge or information to respond to the allegations in the first and second sentences of Paragraph 10, and therefore deny the allegations set forth therein.  With respect to the allegations in the third sentence of Paragraph 10, Federal Defendants admit that the Old Gold Valley Trail and Willoughby Mine Road are not currently part of the National Forest Transportation System, and deny the remainder of the allegations in the third sentence of Paragraph 10.

11.    Federal Defendants are without sufficient knowledge or information to respond to the allegations in the first and second sentences of Paragraph 11, and therefore deny the allegations set forth therein.  With respect to the allegations in the third sentence of Paragraph 11, Federal Defendants admit that the Peak Switchback Trail and Pierce Creek Off-Highway Vehicle Area are not currently part of the National Forest Transportation System, and deny the remainder of the allegations in the third sentence of Paragraph 11.

12.    With respect to the allegations in the fourth sentence of Paragraph 12, Federal Defendants admit that members of Friends of Greenhorn provide volunteer clean-up efforts at Greenhorn Creek.  Federal Defendants are without sufficient knowledge or information to respond to the remainder of the allegations in the first through sixth sentences of Paragraph 12, and therefore deny the allegations set forth therein.  Federal Defendants deny the allegations in the seventh sentence of Paragraph 12.

13.    With respect to the allegations in the seventh sentence of Paragraph 13, Federal Defendants admit that the Spencer Lakes Trail is not currently part of the National Forest Transportation System.  Federal Defendants are without sufficient knowledge or information to respond to the remainder of the allegations in the first through seventh sentences of Paragraph

1    13, and therefore deny the allegations set forth therein.  Federal Defendants deny the allegations

2    in the eighth sentence of Paragraph 13.

3    14.    Federal Defendants are without sufficient knowledge or information to respond to the

4    allegations in the first and second sentences of Paragraph 14, as well as footnote 1, and therefore

5    deny the allegations set forth therein.  With respect to the allegations in the third sentence of

6    Paragraph 14, Federal Defendants admit that the Deadman's Lake and Moore's Flat routes are

7    not currently part of the National Forest Transportation System, and deny the remainder of the

8    allegations in the third sentence of Paragraph 14.

9    15.    Federal Defendants are without sufficient knowledge or information to respond to the

10   allegations in the first and second sentences of Paragraph 15, and therefore deny the allegations

11   set forth therein.  With respect to the allegations in the third sentence of Paragraph 15, Federal

12   Defendants admit that the Spencer Lakes Trail is not currently part of the National Forest

13   Transportation System, and deny the remainder of the allegations in the third sentence of

14   Paragraph 15.

15   16.    With respect to the allegations in the third sentence of Paragraph 16, Federal Defendants

16   admit that the Little Grizzly Creek Trail and the Spencer Lakes Trail are not currently part of the

17   National Forest Transportation System.  Federal Defendants are without sufficient knowledge or

18   information to respond to the remainder of the allegations in the first through third sentences of

19   Paragraph 16, and therefore deny the allegations set forth therein.  Federal Defendants deny the

20   allegations in the fourth sentence of Paragraph 16.

21   17.    With respect to the allegations in the second sentence of Paragraph 17, Federal

22   Defendants admit that the Spencer Lakes Trail is not currently part of the National Forest

23   Transportation System.  The allegations in the second sentence of Paragraph 17 regarding "roads

24   and trails near Burlington Ridge" are vague and therefore denied.  Federal Defendants are

25   without sufficient knowledge or information to respond to the remainder of the allegations in the

26   first through third sentences of Paragraph 17, and therefore deny the allegations set forth therein.

27   Federal Defendants deny the allegations in the fourth sentence of Paragraph 17.

28   18.    Federal Defendants admit the allegations in Paragraph 18.

DEFS.' ANSWER                                    4

19.    Federal Defendants admit the allegations in Paragraph 19.

20.    Federal Defendants admit the allegations in Paragraph 20.

21.    Federal Defendants admit the allegations in Paragraph 21.

22.    Federal Defendants admit the allegations in Paragraph 22.

23.    Federal Defendants admit the allegations in Paragraph 23.

24.    The allegations in Paragraph 24 purport to characterize and quote from the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and its implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is directed to the cited statute and implementing regulations for a true and complete statement of their contents.

25.    The allegations in Paragraph 25 purport to characterize and quote from NEPA and its implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is directed to the cited statute and implementing regulations for a true and complete statement of their contents.

26.    The allegations in Paragraph 26 purport to characterize the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, and as such constitute conclusions of law to which no response is required.  The Court is directed to the cited statute for a true and complete statement of its contents.

27.     Federal Defendants admit the allegations in the first sentence of Paragraph 27.  The allegations in the second sentence of Paragraph 27 purport to characterize and quote from the preamble to the U.S. Department of Agriculture Forest Service's 2005 Travel Management Rule, 70 Fed. Reg. 68,264 (Nov. 9, 2005), which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited preamble for a true and complete statement of its contents.

28.    The allegations in Paragraph 28 purport to characterize and quote from the preamble to the 2005 Travel Management Rule, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited preamble for a true and complete statement of its contents.

29.     The allegations in Paragraph 29 purport to characterize and quote from the preamble to the 2005 Travel Management Rule, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited preamble for a true and complete statement of its contents.

30.     The allegations in Paragraph 30 purport to characterize and quote from the preamble to the 2005 Travel Management Rule, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited preamble for a true and complete statement of its contents.

31.     The allegations in Paragraph 31 purport to characterize and quote from the preamble to the 2005 Travel Management Rule, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited preamble for a true and complete statement of its contents.

32.     The allegations in the first sentence of Paragraph 32 purport to characterize the 2005 Travel Management Rule, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited regulation for a true and complete statement of its contents.  Federal Defendants admit the allegations in the second sentence of Paragraph 32.

33.     The allegations in Paragraph 33 purport to characterize and quote from the 2005 Travel Management Rule, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited regulation for a true and complete statement of its contents.

34.     The allegations in Paragraph 34 purport to characterize and quote from the 2005 Travel Management Rule, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited regulation for a true and complete statement of its contents.

35.     The allegations in Paragraph 35 purport to characterize and quote from the 2005 Travel Management Rule, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited regulation for a true and complete statement of its contents.

36.     The allegations in Paragraph 36 purport to characterize the 2005 Travel Management Rule, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited regulation for a true and complete statement of its contents.

1    37.    The allegations in Paragraph 37 purport to characterize and quote from the 2005 Travel

2    Management Rule, which speaks for itself and is the best evidence of its contents.  The Court is

3    directed to the cited regulation for a true and complete statement of its contents.

4    38.    The allegations in the first part of the first sentence of Paragraph 38 consists of Plaintiffs'

5    characterization of their case, to which no response is required.  The remainder of the allegations

6    in the first sentence of Paragraph 38 purport to characterize and quote from the preamble to the

7    2005 Travel Management Rule, which speaks for itself and is the best evidence of its contents.

8    The Court is directed to the cited preamble for a true and complete statement of its contents.

9    Federal Defendants deny the allegations in the second sentence of Paragraph 38.

10   39.    With respect to the allegations in the first sentence of Paragraph 39, Federal Defendants

11   admit that on April 11, 2007, Defendants issued a Notice of Intent to prepare an environmental

12   impact statement ("EIS").  The remainder of the allegations in the first and second sentences of

13   Paragraph 39 purport to characterize and quote from the Notice of Intent, which speaks for itself

14   and is the best evidence of its contents.  The Court is directed to the cited Federal Register notice

15   for a true and complete statement of its contents.

16   40.    Federal Defendants admit the allegations in the first sentence of Paragraph 40.  The

17   allegations in the second and third sentences of Paragraph 40 purport to characterize and quote

18   from the Forest Service's Draft EIS and Supplemental Draft EIS, which speak for themselves

19   and are the best evidence of their contents.

20   41.    Federal Defendants admit the allegations in the first sentence of Paragraph 41.   Federal

21   Defendants deny the allegations in the second sentence of Paragraph 41.  The allegations in the

22   third sentence of Paragraph 41 purport to characterize the ROD and FEIS, which speak for

23   themselves and are the best evidence of their contents.  Federal Defendants deny any allegation

24   that the ROD and FEIS are in violation of law.

25   42.    Federal Defendants admit the allegations in the first sentence of Paragraph 42.  The

26   allegations in the second and third sentences of Paragraph 42 purport to characterize and quote

27   from the September 21, 2010 letter from Tom Quinn, Tahoe National Forest Supervisor, that was

28   addressed to "Friends of the Tahoe National Forest," which speaks for itself and is the best

evidence of its contents.  To the extent the allegations in the third sentence of Paragraph 42 also purport to characterize the FEIS and ROD, those documents speaks for themselves and are the best evidence of their contents.  Federal Defendants deny the allegations in the fourth sentence of Paragraph 42 and further deny any violation of NEPA.  To the extent the allegations in the fourth sentence also purport to characterize and quote from NEPA's implementing regulations, such allegations constitute conclusions of law to which no response is required.  The Court is directed to the cited regulation for a true and complete statement of its contents.  Federal Defendants further deny any suggestion that the September 21, 2010 letter was misleading and any suggestion that Federal Defendants violated NEPA.

43.    Federal Defendants deny the allegations in the first and second sentences of Paragraph 43.  The allegations in the second sentence of Paragraph 43 also purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents.  With respect to the allegations in the third sentence of Paragraph 43, Federal Defendants admit that the ROD will reduce the amount of motorized vehicle recreation opportunities available as compared to the previously existing condition but aver that many of the previously existing opportunities developed without agency authorization.  Federal Defendants deny the remainder of the allegations set forth in the third sentence of Paragraph 43.

44.    Federal Defendants deny the allegations in the first sentence of Paragraph 44.  The allegations in the second sentence of Paragraph 44 purport to characterize and quote from the FEIS and ROD, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation that the FEIS and ROD are unlawful.

45.    With respect to the allegations in the first sentence of Paragraph 45, Federal Defendants admit that prior to the implementation of the 2005 Travel Management Rule on the Tahoe National Forest, motorized vehicle use on user-created or otherwise unauthorized routes outside of the National Forest Transportation System was not prohibited where the Tahoe National Forest Land and Resource Management Plan did not place restrictions on public cross-country motorized vehicle travel and where no Forest Service closure order was in place.  Federal Defendants deny the allegations in the second sentence of Paragraph 45, and state that the 2005

Travel Management Rule defines the term "unauthorized road or trail."  36 C.F.R. § 212.1.  The allegations in the third and fourth sentences of Paragraph 45 purport to characterize and quote from the court's decision in <u>Idaho Conservation League v. Guzman</u>, 766 F. Supp. 2d 1056, 1063 n.3 (D. Idaho 2011), which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited case for a true and complete statement of its contents.  Federal Defendants deny the allegations in the fifth sentence of Paragraph 45 and further deny any violation of law.

46.     Federal Defendants deny the allegations in Paragraph 46.

47.     Federal Defendants hereby incorporate by reference their responses to Paragraphs 1-46 above.

48.     The allegations in Paragraph 48 consist of conclusions of law, to which no response is required.

49.     The allegations in the first sentence of Paragraph 49 consist of conclusions of law, to which no response is required.  To the extent a response is required, the allegations set forth therein are denied.   The allegations in the second sentence of Paragraph 49 constitute Plaintiffs' characterization of their case, to which no response is required.

50.     Federal Defendants deny the allegations in Paragraph 50.  Federal Defendants further deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

51.     Federal Defendants hereby incorporate by reference their responses to Paragraphs 1-50 above.

52.     The allegations in Paragraph 52 constitute conclusions of law, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 constitute conclusions of law, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 constitute conclusions of law, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in Paragraph 54.

55.     With respect to the allegations in Paragraph 55, Federal Defendants admit that, if the Court does not enjoin the Forest Service, the Forest Service intends to print a Motor Vehicle Use Map that will allow the Forest Service to begin enforcement of the Tahoe National Forest Motorized Travel Management Project decision.  Federal Defendants deny the remainder of the allegations in Paragraph 55.

56.     Federal Defendants hereby incorporate by reference their responses to Paragraphs 1-55 above.

57.     The allegations in Paragraph 57 purport to characterize NEPA, and as such constitute conclusions of law to which no response is required.  The Court is directed to the cited statute for a true and complete statement of its contents.

58.     The allegations in Paragraph 58 purport to characterize and quote from NEPA's implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is directed to the cited regulation for a true and complete statement of its contents.

59.     The allegations in Paragraph 59 constitute conclusions of law, to which no response is required.  To the extent the allegations in Paragraph 59 also purport to characterize the FEIS and ROD, those documents speak themselves and are the best evidence of their contents.

60.     Federal Defendants deny the allegations in the first and third sentences of Paragraph 60. The allegations in the second sentence of Paragraph 60 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any suggestion that the FEIS is unlawful.  Federal Defendants deny the allegations in the third sentence of Paragraph 60.  To the extent the allegations in the third sentence of Paragraph 60 purport to characterize the 2005 Travel Management Rule, the 2005 Travel Management Rule speaks for itself and is the best evidence of its contents.  The Court is directed to the cited regulation for a true and complete statement of its contents.

61.     The allegations in the first sentence of Paragraph 61 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations in the second sentence of Paragraph 61.

62.      Federal Defendants deny the allegations in the first and third sentences of Paragraph 62, as well as in the second part of the second sentence of Paragraph 62.  The allegations in the first part of the second sentence of Paragraph 62 purport to characterize the 2005 Travel Management Rule, which speaks for itself and is the best evidence of its contents.  The Court is directed to the 2005 Travel Management Rule for a true and complete statement of its contents.  Federal Defendants deny any violation of NEPA or the Travel Management Rule.

63.      Federal Defendants deny the allegations in Paragraph 63.

64.      Federal Defendants hereby incorporate by reference their responses to Paragraphs 1-63 above.

65.      The allegations in Paragraph 65 purport to characterize and quote from NEPA and its implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is directed to the cited statute and regulation for a true and complete statement of their contents.

66.      The allegations in Paragraph 66 purport to characterize and quote from a NEPA guidance document issued by the Council on Environmental Quality, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited guidance document for a true and complete statement of its contents.

67.      The allegations in the first sentence of Paragraph 67 purport to characterize and quote from a NEPA guidance document issued by the Council on Environmental Quality, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited guidance document for a true and complete statement of its contents.  The allegations in the second sentence of Paragraph 67 purport to characterize and quote from the court's decisions in American Rivers v. FERC, 201 F.3d 1186, 1195 n.15 (9th Cir. 1999), and Half Moon Bay Fishermans' Marketing Ass'n v. Carlucci, 857 F.2d 505, 510 (9th Cir. 1988), and as such constitute conclusions of law to which no response is required.  The Court is directed to the cited cases for a true and complete statement of their contents.

68.      The allegations in Paragraph 68 purport to characterize and quote from the FEIS and ROD, which speak for themselves and are the best evidence of their contents.

69.     The allegations in the first through fourth sentences of Paragraph 69 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations in the fifth sentence of Paragraph 69.

70.     To the extent the allegations in the Paragraph 70 purport to characterize and quote from a NEPA guidance document issued by the Council on Environmental Quality, that document speaks for itself and is the best evidence of its contents.  The Court is directed to the cited guidance document for a true and complete statement of its contents.  Federal Defendants deny the remainder of the allegations in Paragraph 70.

71.     Federal Defendants deny the allegations in Paragraph 71 and deny any violation of NEPA.

72.     Federal Defendants deny the allegations in Paragraph 72  and deny any violation of the APA.

73.     Federal Defendants hereby incorporate by reference their responses to Paragraphs 1-72 above.

74.     The allegations in Paragraph 74 purport to characterize and quote from NEPA, and as such constitute conclusions of law to which no response is required.  The Court is directed to the statute for a true and complete statement of its contents.

75.     The allegations in Paragraph 75 purport to characterize and quote from NEPA and its implementing regulations, and as such allegations constitute conclusions of law to which no response is required.  The Court is directed to the cited regulation for a true and complete statement of its contents.

76.     The allegations in Paragraph 76 purport to characterize and quote from NEPA's implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is directed to the cited regulation for a true and complete statement of its contents.

77.     The allegations in Paragraph 77 purport to characterize and quote from NEPA's implementing regulations, and as such constitute conclusions of law to which no response is

1  required.  The Court is directed to the cited regulation for a true and complete statement of its

2  contents.

3  78.    Federal Defendants deny the allegations in Paragraph 78.  To the extent the allegations in

4  the second sentence of Paragraph 78 purport to characterize the FEIS, the FEIS speaks for itself

5  and is the best evidence of its contents.

6  79.    With respect to the allegations in the first sentence of Paragraph 79, Federal Defendants

7  state that the FEIS considered a no-action alternative that would have maintained the status quo

8  and deny the remainder of the allegations set forth therein.  Federal Defendants deny the

9  allegations in the second and third sentences of Paragraph 79.

10  80.    Federal Defendants deny the allegations in Paragraph 80 and deny any violation of the

11  APA.

12  81.    Federal Defendants hereby incorporate by reference their responses to Paragraphs 1-80

13  above.

14  82.    The allegations in Paragraph 82 purport to characterize and quote from the ROD, which

15  speaks for itself and is the best evidence of its contents.

16  83.    The allegations in Paragraph 83 purport to characterize and quote from the FEIS, which

17  speaks for itself and is the best evidence of its contents.

18  84.    Federal Defendants deny the allegations in Paragraph 84 and deny any violation of

19  NEPA.

20  85.    Federal Defendants deny the allegations in Paragraph 85 and deny any violation of the

21  APA.

22  86.    Federal Defendants hereby incorporate by reference their responses to Paragraphs 1-85

23  above.

24  87.    The allegations in Paragraph 87 purport to characterize NEPA and its implementing

25  regulations, and as such constitute conclusions of law to which no response is required.  The

26  Court is directed to the cited statute and regulation for a true and complete statement of their

27  contents.

28

88.     The allegations in the first sentence of Paragraph 88 purport to characterize and quote from the court's decisions in <u>Northern Alaska Environmental Center v. Kempthorne</u>, 457 F.3d 969, 975 (9th Cir. 2006), and <u>Conner v. Burford</u>, 848 F.2d 1441 (9th Cir. 1988), and as such constitute conclusions of law to which no response is required.  The allegations in the second sentence of Paragraph 88 purport to characterize NEPA's implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is directed to the cited cases and regulation for a true and complete statement of their contents.

89.     The allegations in Paragraph 89 purport to characterize NEPA's implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is directed to the cited regulation for a true and complete statement of its contents.

90.     With respect to the allegations in the first sentence of Paragraph 90, Federal Defendants admit that the Forest Service's decision to designate or not designate an unauthorized road or trail as part of the National Forest Transportation System determines whether previously permitted motorized travel will continue to be permitted, and that NEPA analysis of the designation decision's environmental impacts is required.  Federal Defendants deny the allegations in the remainder of the first sentence of Paragraph 90, as well as in the second and third sentences of Paragraph 90.  Federal Defendants deny any violation of NEPA.

91.     Federal Defendants deny the allegations in Paragraph 91 and deny any violation of the APA.

92.     Federal Defendants hereby incorporate by reference their responses to Paragraphs 1-91 above.

93.     The allegations in Paragraph 93 purport to characterize and quote from NEPA and its implementing regulations, and as such constitute conclusions of law, to which no response is required.  The Court is directed to the cited statute and regulation for a true and complete statement of their contents.

94.     The allegations in Paragraph 94 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.

95.     To the extent the allegations in Paragraph 95 purport to characterize and quote from the FEIS and ROD, those documents speak for themselves and are the best evidence of their contents.  Federal Defendants deny the remainder of the allegations in Paragraph 95.

96.     To the extent the allegations in the first and second sentences of Paragraph 96 purport to characterize and quote from the FEIS and ROD, those documents speak for themselves and are the best evidence of their contents.  With respect to the allegations in the first sentence of Paragraph 96, Federal Defendants deny any suggestion that the FEIS and ROD misled the public and aver that there was unauthorized (although not illegal) motorized vehicle use on the Tahoe National Forest prior to the 2005 Travel Management Rule.  With respect to the allegations in the second sentence of Paragraph 96, Federal Defendants further state that under the existing condition before the implementation of the 2005 Travel Management Rule, motorized vehicle travel outside of National Forest Transportation System roads and trails was not prohibited where the Tahoe National Forest Land and Resource Management Plan did not place restrictions on public cross-country motorized vehicle travel and where no Forest Service closure order was in place, and deny the remainder of the allegations set forth therein.  Federal Defendants deny the allegations in the third sentence of Paragraph 96.

97.     The allegations in Paragraph 97 purport to characterize and quote from the FEIS and ROD, which speak for themselves and are the best evidence of their contents.  Federal Defendants further deny any suggestion that the FEIS and ROD are inadequate under NEPA.

98.     Federal Defendants deny the allegations in Paragraph  98 and deny any allegation of NEPA.

99.     Federal Defendants deny the allegations in Paragraph  99 and deny any allegation of the APA.

100.    Federal Defendants hereby incorporate by reference their responses to Paragraphs 1-99 above.

101.    The allegations in Paragraph 101 purport to characterize and quote from NEPA, its implementing regulations, and the court's decision in <u>Tenakee Springs v. Clough</u>, 915 F.2d 1308, 1312 (9th Cir. 1990), and as such constitute conclusions of law, to which no response is

1   required.  The Court is directed to the cited statute, regulation, and case for a true and complete

2   statement of their contents.

3   102.    The allegations in Paragraph 102 purport to characterize and quote from NEPA's

4   implementing regulations, and as such constitute conclusions of law, to which no response is

5   required.  The Court is directed to the cited regulation for a true and complete statement of its

6   contents.

7   103.    The allegations in Paragraph 103 purport to characterize and quote from NEPA's

8   implementing regulations and the court's decision in <u>Northern Plains Resources Council, Inc. V.</u>

9   <u>Surface Transportation Board</u>, 668 F.3d 1067, 1076 (9th Cir. 2011), and as such constitute

10   conclusions of law, to which no response is required.  The Court is directed to the cited

11   regulation and case for a true and complete statement of their contents.

12   104.    The allegations in Paragraph 104 purport to characterize and quote from the FEIS, which

13   speaks for itself and is the best evidence of its contents.  Federal Defendants further deny any

14   suggestion that the FEIS is inadequate under NEPA.

15   105.    Federal Defendants deny the allegations in Paragraph 105.

16   106.    Federal Defendants deny the allegations in Paragraph 106 and deny any violation of

17   NEPA.

18   107.    Federal Defendants deny the allegations in Paragraph 107 and deny any violation of the

19   APA.

20                              **REQUEST FOR RELIEF**

21          The remainder of the allegations in Plaintiffs' Complaint constitute Plaintiffs' request for

22   relief, to which no response is required.  Federal Defendants deny that Plaintiffs are entitled to

23   the relief requested, or to any relief whatsoever.

24                              **GENERAL DENIAL**

25          Unless specifically admitted herein, Federal Defendants deny each and every allegation

26   in Plaintiffs' Complaint.

27                              **AFFIRMATIVE DEFENSES**

28   1.      Some or all of Plaintiffs have waived and/or failed to exhaust their administrative

1    remedies for some or all of their claims.

2    2.    Plaintiffs lack standing with respect to some or all of their claims.

3    3.    The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

4    4.    Plaintiffs have failed to state a claim upon which relief can be granted.

5    WHEREFORE, Federal Defendants respectfully request that this Court deny Plaintiffs all relief

6    requested, dismiss the Complaint with prejudice, and grant Federal Defendants such other relief

7    as the Court deems appropriate.

8
9            Respectfully submitted this 24th day of October, 2012.

10                                        IGNACIA S. MORENO
                                          Assistant Attorney General
11                                         /s/ Beverly Li
                                          BEVERLY F. LI (WA BN 33267)
12                                        Trial Attorney
                                          U.S. Department of Justice
13                                        Environment & Natural Resources Div.
                                          P.O. Box 7611
14                                        Washington, DC 20044-7611
                                          Telephone: (202) 353-9213
15                                        Facsimile: (202) 305-0506

16                                        Attorney for Federal Defendants

17
18
19
20
21
22
23
24
25
26
27
28

1

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2012, I electronically filed the foregoing FEDERAL

2

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT, with the Clerk of the Court using the

3

CM/ECF system, which will send electronic notification of such filing to the following:

4

M. Reed Hopper
Pacific Legal Foundation

5

930 G Street
Sacramento, CA 95814

6

(916) 419-7111
Fax: (916) 419-7747

7

Email: mrh@pacificlegal.org

8

9

Theodore Cirilo Hadzi-Antich
Pacific Legal Foundation
930 G Street

10

Sacramento, CA 95814
916-419-7111

11

Fax: 916-419-7747
Email: tha@pacificlegal.org

12

Attorneys for Plaintiffs

13

14

15

/s/ Beverly F. Li

16

Beverly F. Li
Counsel for Federal Defendants

17

18

19

20

21

22

23

24

25

26

27

28