IGNACIA S. MORENO
Assistant Attorney General
BEVERLY F. LI
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 353-9213
Facsimile: (202) 305-0506

Attorneys for Federal Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF TAHOE FOREST ACCESS; WEBILT FOUR WHEEL DRIVE CLUB; FRIENDS OF GREENHORN; NEVADA COUNTY WOODS RIDERS; GRASS VALLEY 4-WHEEL DRIVE CLUB; HIGH SIERRA MOTORCYCLE CLUB; DAVID C. WOOD, an individual; and KYRA, an individual, | Civil No. 12-01876-JAM-CKD |
| Plaintiffs, | **FEDERAL DEFENDANTS' RESPONSE TO PROPOSED DEFENDANT-INTERVENORS' MOTION TO INTERVENE** |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE; TOM VILSACK, in his official capacity as Secretary of the Department of Agriculture; UNITED STATES FOREST SERVICE; TOM TIDWELL, in his official capacity as Chief of the U.S. Forest Service; RANDY MOORE, in his official capacity as Regional Forester for the U.S. Forest Service's Pacific Southwest Region; and TOM QUINN, in his official capacity as Forest Supervisor for the Tahoe National Forest, | |
| Federal Defendants. | |

## INTRODUCTION

Federal Defendants hereby respond to the motion to intervene filed by Proposed

Defendants-Intervenors The Wilderness Society *et al.* (ECF No. 15).  Plaintiffs oppose this

1    motion.  ECF No. 16.  Federal Defendants take no position on the motion.  However, Federal

2    Defendants do not want the Court to infer that Federal Defendants' non-opposition in any way

3    suggests that Federal Defendants do not believe they can adequately defend the Forest Service's

4    decision, and thus Federal Defendants provide the Court with a brief statement.  Federal

5    Defendants will adequately defend the decision of the Forest Service, and are able to represent

6    the interests relevant to that decision.  Finally, if the Court grants the motion to intervene,

7    Federal Defendants respectfully request that the Court impose several conditions on the

8    Intervenor Defendants, outlined below, to facilitate the efficient litigation of this matter.

                                          **ANALYSIS**

9

10                **1. Intervention of Right**

11           Rule 24 of the Federal Rules of Civil Procedure provides for intervention of right and

12   permissive intervention.  Proposed Defendants-Intervenors moved on both grounds.  A court

13   must allow intervention, upon a timely motion, by any party who "claims an interest relating to

14   the property or transaction that is the subject of the action, and is so situated that disposing of the

15   action may as a practical matter impair or impede the movant's ability to protect its interest,

16   unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  The Ninth

17   Circuit applies a four-part test to determine whether a party can intervene as of right pursuant to

18   Rule 24(a)(2): "(1) the motion must be timely; (2) the applicant must claim a 'significantly

19   protectable' interest relating to the property or transaction which is the subject of the action; (3)

20   the applicant must be so situated that the disposition of the action may as a practical matter

21   impair or impede its ability to protect that interest; and (4) the applicant's interest must be

22   inadequately represented by the parties to the action."  All four parts of the test must be met for

23   intervention of right.  <u>Wilderness Soc'y v. U.S. Forest Serv.</u>, 630 F.3d 1173, 1177 (9th Cir.

24   2011) (quoting <u>Sierra Club v. EPA</u>, 995 F.2d 1478, 1484 (9th Cir. 1993)).

25           While Federal Defendants do not dispute that the motion to intervene is timely, the

26   United States disagrees with proposed Defendants-Intervenors' contention that their claimed

27   interests are not adequately represented by the existing parties.  When the proposed intervenor

28   shares the same ultimate objective as a federal defendant, it is presumed that the federal

defendant will adequately represent the proposed intervenor's interests.  <u>Citizens for Balanced Use v. Mont. Wilderness Ass'n</u>, 647 F.3d 893, 898 (9th Cir. 2011); <u>United States v. City of L.A.</u>, 288 F.3d 391, 401 (9th Cir. 2002).  Here, proposed Defendants-Intervenors and the United States share an interest in the implementation of the Motorized Travel Management Project for the Tahoe National Forest, which Plaintiffs have challenged under the National Environmental Policy Act.  Ultimately, the question here is whether the United States can adequately defend the decision of the Forest Service to approve the agency decision at issue.  Acting as a land manager, the United States, through its Forest Service defendants, is best suited to defend the interests at stake.  Because the United States adequately represents the interests at issue here regarding the adequacy of the environmental analysis that the Forest Service conducted, intervention as of right is not appropriate.[1]

### 2. Permissive Intervention

Rule 24 of the Federal Rules of Civil Procedure also provides for permissive intervention if several criteria are met.  A court may grant permissive intervention to any party who

> (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b).  Proposed Defendants-Intervenors have moved, in the alternative, for permissive intervention based on common questions of law and fact.  The United States agrees that Proposed Defendants-Intervenors' brief presents common questions of law and fact.  Federal Defendants do not take a position on whether the Court ought to permit the proposed permissive intervention except to reiterate its contention that Federal Defendants are able to adequately defend the challenged Forest Service decision.

---

[1] Federal Defendants do not dispute proposed Defendants-Intervenors' assertion that the Forest Service would likely not represent proposed Defendants-Intervenors' precise interests in any ensuing remedy proceeding.

### 3. Proposed Conditions for Intervention

"[W]hen granting an application for permissive intervention, a federal district court is able to impose almost any condition." Dep't of Fair Employment & Hous. v. Lucent Techs., Inc., 642 F.3d 728, 741(9th Cir. 2011) (citations omitted). In addition, "[a]n intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." FED. R. CIV. P. 24(a), 1966 Amendment advisory committee's note. Therefore, "it is now a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right." Beauregard, Inc. v. Sword Servs., L.L.C., 107 F.3d 351, 352-53 (5th Cir. 1997) (citing advisory committee note); see also Pac. Coast Fed'n of Fishermen's Assns. v. Gutierrez, No. 106CV00245 OWW GSA, 2008 WL 4104257, *7 (E.D. Cal. Sept. 2, 2008) (court may impose conditions to protect existing parties from prejudice); Cent. Sierra Envtl. Res. Ctr. v. U.S. Forest Serv., No. CIV S-10-02172-FCD-GGH, Order (E.D. Cal. Jan. 7, 2011) (granting intervention subject to conditions). Proposed Defendants-Intervenors should not be permitted to unduly multiply or delay the proceedings in this case. Accordingly, Federal Defendants request that, if intervention is granted, proposed Defendants-Intervenors be required to follow the same constraints applicable to parties in any Administrative Procedure Act ("APA") case, in which judicial review is generally limited to the agency's administrative record, and discovery or extra-record consideration is improper. See Camp v. Pitts, 411 U.S. 138, 142 (1973).

Further, in order to avoid prejudicing Federal Defendants' right to assert its defenses, Federal Defendants ask that the Court attach the following conditions to the proposed Defendants-Intervenors' participation in this lawsuit:

1.   Intervenors shall not seek discovery in the merits phase of this litigation.

2   Intervenors shall make every effort to focus on issues not addressed by Federal Defendants. At such time when the parties submit a proposed case management plan, they can propose a briefing schedule under which Federal Defendants' merits briefs would be filed before Intervenors' merits briefs, which will reduce the potential for duplication between Federal Defendants' and Intervenors' briefs.

Federal Defendants strongly oppose Plaintiffs' suggestions that Intervenors and Federal Defendants file joint briefs and that the page limits provided for in the local rules be split between Intervenors and Federal Defendants. The parties' proposed case management plan can address the appropriate page limits for each party.

3.       Each party shall bear its own costs and fees related to the participation of Intervenors in this matter.

Together, these conditions would enable the Court to maintain an efficient litigation process with the participation of multiple parties.[2]  The proposed conditions also recognize the primary role of the United States in this action in defending the decision-making process of the United States Forest Service and its compliance with federal law.[3]

## CONCLUSION

In sum, Federal Defendants take no position on its motion to intervene, other than to note that Federal Defendants are able to adequately defend the Forest Service's decision approving the Motorized Travel Management Project for the Tahoe National Forest.  If proposed Defendants-Intervenors are admitted as Intervenors, the United States requests that the Court impose the several conditions enumerated above in the interest of the efficient resolution of this litigation.

Respectfully submitted this 24th day of October, 2012.

IGNACIA S. MORENO
Assistant Attorney General

/s/ Beverly Li
BEVERLY F. LI (WA BN 33267)
Trial Attorney

---

[2] Federal Defendants also believe that because they are the parties against whom the complaint has been filed that they alone should control the determination as to whether an appeal of an adverse decision is appropriate.  However, Federal Defendants do not seek such a condition for proposed Defendants-Intervenors' participation in this matter.
[3] Federal Defendants understand that proposed Defendants-Intervenors do not oppose these conditions.

U.S. Department of Justice
Environment & Natural Resources Div.
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 353-9213
Facsimile: (202) 305-0506

Attorney for Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2012, I electronically filed the foregoing FEDERAL DEFENDANTS' RESPONSE TO MOTION TO INTERVENE with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following:

M. Reed Hopper
Pacific Legal Foundation
930 G Street
Sacramento, CA 95814
(916) 419-7111
Fax: (916) 419-7747
Email: mrh@pacificlegal.org

Theodore Cirilo Hadzi-Antich
Pacific Legal Foundation
930 G Street
Sacramento, CA 95814
916-419-7111
Fax: 916-419-7747
Email: tha@pacificlegal.org

Attorneys for Plaintiffs

Gregory C. Loarie

Christophe W. Hudak

Earthjustice

50 California Street, Suite 500

San Francisco, CA 94111

415-217-2000

Fax: 415-517-2040

gloarie@earthjustice.org

chudak@earthjustice.org

Attorneys for Proposed Defendants-Intervenors

/s/ Beverly F. Li
Beverly F. Li
Counsel for Federal Defendants