GREGORY C. LOARIE, State Bar No. 215859
CHRISTOPHER W. HUDAK, State Bar No. 282283
Earthjustice
50 California Street, Suite 500
San Francisco, CA  94111
T: (415) 217-2000 / F: (415) 217-2040
gloarie@earthjustice.org
chudak@earthjustice.org

*Counsel for Proposed Defendant-Intervenors*
*The Wilderness Society, et al.*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| FRIENDS OF TAHOE FOREST ACCESS; WEBILT FOUR WHEEL DRIVE CLUB; FRIENDS OF GREENHORN; NEVADA COUNTY WOODS RIDERS; GRASS VALLEY 4-WHEEL DRIVE CLUB; HIGH SIERRA MOTORCYCLE CLUB; DAVID C. WOOD, an individual; and KYRA, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; TOM VILSACK, in his official capacity as Secretary of the Department of Agriculture; UNITED STATES FOREST SERVICE; TOM TIDWELL, in his official capacity as Chief of the United States Forest Service; RANDY MOORE, in his official capacity as Regional Forester for the United States Forest Service's Pacific Southwest Region; and TOM QUINN, in his official capacity as Forest Supervisor at the Tahoe National Forest,<br><br>    Defendants,<br><br>    and<br><br>THE WILDERNESS SOCIETY; MOTHER LODE CHAPTER OF THE SIERRA CLUB; FOREST ISSUES GROUP; SIERRA FOOTHILLS AUDUBON SOCIETY; and PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY,<br><br>    Proposed Defendant-Intervenors. | Case No. 2:12-cv-01876-JAM-CKD<br><br>REPLY IN SUPPORT OF MOTION TO INTERVENE<br><br><br>Date:    November 7, 2012<br>Time:    9:30 a.m.<br>Judge:  Hon. John A. Mendez<br>Place:  Courtroom 6 |

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT .......................................................................................................................1

I.     PROPOSED INTERVENORS SATISFY THE REQUIREMENTS TO INTERVENE AS OF RIGHT IN THIS LITIGATION. ...............................................................................1

     A.     Proposed Intervenors Have Significantly Protectable Interests in Tahoe National Forest That May be Impaired as a Result of this Litigation. ...........................2

     B.     The Forest Service Does Not Adequately Represent Proposed Intervenors' Interests in This Case. ..................................................................................4

II.     PROPOSED INTERVENORS SATISFY THE REQUIREMENTS FOR PERMISSIVE INTERVENTION. ...............................................................................................8

CONCLUSION ......................................................................................................................9

**INTRODUCTION**

This case concerns one of the most pressing issues facing our national forests: the environmental impacts of unmanaged off-highway vehicles ("OHVs"). The Forest Service acted in 2010 to address this issue on the Tahoe National Forest by adopting a decision (the "Tahoe Travel Decision") that placed reasonable restrictions on OHV use within the forest. Proposed Intervenors were closely involved in every step of the public process that culminated in the Tahoe Travel Decision, consistent with their mission to ensure that the unparalleled beauty and natural resources of the Sierra Nevada and Tahoe National Forest are preserved for this and future generations. Plaintiffs (collectively, "FTFA") seek to vacate the Tahoe Travel Decision and reopen the forest to unbridled OHV use – a result that would undue countless hours of work and advocacy by Proposed Intervenors. Proposed Intervenors' interest in this litigation is therefore clear and compelling.

Despite these undisputed facts and the Ninth Circuit's "liberal policy in favor of intervention," *Wilderness Soc'y v. U.S. Forest Serv.,* 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc), FTFA argues that Proposed Intervenors are not entitled to intervene as defendants – either as of right pursuant to Rule 24(a) or permissively under Rule 24(b). FTFA's arguments are unpersuasive. As set forth below, Proposed Intervenors fully meet the criteria for intervention as of right and by permission of this Court.[1]

**ARGUMENT**

**I.     Proposed Intervenors Satisfy the Requirements to Intervene as of Right in this Litigation.**

FTFA concedes that Proposed Intervenors' Motion to Intervene is timely. *See* Pls' Opp. to Mot. to Intervene (Doc. 16) ("FTFA Opp.") at 1. However, FTFA insists (A) that Proposed Intervenors do not have a significantly protectable interest that may be impaired by this action, and (B) that the Forest Service will adequately protect any interest Proposed Intervenors' do have. Neither argument passes muster.

---

[1] The Forest Service takes no position on Proposed Intervenors' motion, but confirms that intervention could be appropriate if subject to certain restrictions, all of which Proposed Intervenors accept. *See* Fed. Def's Response to Mot. to Intervene (Doc. 18) ("Forest Service Resp.") at 2-5.

A.  **Proposed Intervenors Have Significantly Protectable Interests in Tahoe National Forest That May be Impaired as a Result of this Litigation.**

As discussed in Proposed Intervenors' opening brief in support of this motion ("Opening Brief") at page 4, the Ninth Circuit interprets the requirement that a party seeking intervention as of right have a "significantly protectable" interest in the subject of the lawsuit as "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Wilderness Soc'y*, 630 F.3d at 1179.  For a proposed intervenor to demonstrate a significantly protectable interest, "it is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Id*.  In addition to demonstrating a protectable interest, a proposed intervenor must demonstrate it is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2).

In support of the instant motion, Proposed Intervenors submitted numerous sworn declarations from their members attesting to their longstanding interest and involvement in Tahoe Nation Forest generally and the Tahoe Travel Decision specifically.  *See* Decl. of Matthew Dietz ("Dietz Dec.") at ¶¶ 2-7; Decl. of Barbara Rivenes ("B. Rivenes Dec.") at ¶¶ 2-8; Decl. of Donald Rivenes ("D. Rivenes Dec.") at ¶¶ 2-8; Decl. of Karen Schambach ("Schambach Dec.") at ¶¶ 2-6.  As this Court noted in *Associated Gen. Contractors of Am. v. Cal. Dep't of Transp.*, No. 09-01622, 2009 WL 5206722, *2 (E.D. Cal. 2009), Rule 24(a)'s liberal construction requires courts to "take all well-pleaded, nonconclusory allegations in the motion to intervene . . . and declarations supporting the motion as true absent sham, frivolity, or other objections."

FTFA does not dispute that Proposed Intervenors' interests are protected by both statute and regulation, including the National Environmental Policy Act ("NEPA") and the travel management regulations at 36 C.F.R. Part 212.  Nor does FTFA dispute that there is a direct "relationship" between Proposed Intervenors' interests and the claims in this case.  Indeed, FTFA alleges that the Tahoe Travel Decision violates NEPA – one of the key statutes that protects Proposed Intervenors' interests in environmental protection, informed decision making, and public participation.

The Wilderness Society, *et al.'s* Reply in Support of Motion to Intervene
Case No. 2:12-cv-01876-JAM-CKD

2

Ultimately, FTFA's *sole* argument is that Proposed Intervenors' interests in Tahoe National Forest will not be impaired by this litigation because "the Plaintiffs do not ask this Court to make any declaration regarding the rights or interest of [Proposed Intervenors]," and Proposed Intervenors "will be able to continue to use and enjoy the Tahoe National Forest to the same extent as they did before the issuance of the [Tahoe Travel Decision]." *See* FTFA Opp. at 2, 3. But the argument that a return to the *status quo ante* will not impair Proposed Intervenors' work is astonishing. The Ninth Circuit has long held that "[a] public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported." *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (citing cases). Thus, in the analogous case of *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 895 (9th Cir. 2011), the Ninth Circuit held that environmental groups were entitled to intervene as of right in a lawsuit challenging a travel management decision that they had brought about through their advocacy. There, as here, OHV advocacy groups sought to overturn the restrictions on OHV use. *Id.* The court found that the environmental groups satisfied the significantly protectable interest requirement because, as Proposed Intervenors here, they had an "interest in preserving wilderness character" in the protected area at issue. *Id.* at 897-98.

Here, vacatur of the Tahoe Travel Decision would not only erase countless hours of Proposed Intervenors' administrative advocacy, it would also reopen the door to rampant and unregulated OHV use, with all of the attendant impacts to wildlife, water quality, and quiet recreation. Proposed Intervenors' declarants make clear that such a result would directly impair their interests. *See, e.g.,* Dietz Dec. at ¶¶ 9-11 ("If [FTFA] wins the relief that they seek . . . [it would] deeply harm . . . [my] enjoyment of the natural, scenic, wildlife, and spiritual values, and the quiet of Tahoe National Forest."); B. Rivenes Dec. at ¶ 10 ("If [FTFA] is successful in securing this relief, I and many of Sierra Club's members will suffer considerable injury . . . [including to] my appreciation of the quiet, natural, wildlife, and spiritual experiences in Tahoe National Forest that I and Sierra Club's members so deeply cherish"); D. Rivenes Dec. at ¶ 10 ("If [Plaintiffs] are successful in securing the relief they are seeking . . . [it] would significantly harm my interests and . . . ability to experience the wildlife and wildlands of Tahoe National Forest in their natural state, undisturbed by OHV traffic.");

Schambach Dec. at ¶ 8 ("[I]f [FTFA] wins the relief they are seeking . . . [I] will suffer considerable injury . . . [that] would harm my appreciation of the natural, scenic, wildlife, and spiritual values, and the quiet of Tahoe National Forest that . . . I highly value").

FTFA cites *United States v. Alisal*, 370 F.3d 915, 921 (9th Cir. 2004) for the proposition that Proposed Intervenors' interests will not be impaired or impeded if denied intervention. FTFA Opp. at 4. In *Alisal*, a defendant's judgment creditor tried to intervene after the defendant was placed in receivership out of fear that the receiver might limit its judgment. *Alisal*, 370 F.3d at 918. The Ninth Circuit held that the judgment creditor's interests would not be impaired if denied intervention, but that was because the district court had arranged a *separate* process for handling claims that protected the judgment creditor's interests. *Id.* at 921. In contrast, here there is no alternative forum arranged by the court whereby Proposed Intervenors could defend their interests in the current Tahoe Travel Decision. FTFA's insinuation that Proposed Intervenors could somehow protect their interests in the current Travel Decision by "participating in future efforts of the government to develop a legally sufficient [Environmental Impact Statement] and [Record of Decision]," FTFA Opp. at 4, overlooks the obvious fact that Intervenors' interests would be harmed by, among other things, vacatur of the decision pending compliance with NEPA.

In short, Proposed Intervenors have established that their significantly protectable interest in implementation of the Tahoe Travel Decision could be impaired by injunction that FTFA seeks in this litigation.

### B. The Forest Service Does Not Adequately Represent Proposed Intervenors' Interests in This Case.

The final requirement for intervention of right "is satisfied if the applicant shows that representation of his interest *may* be inadequate; and the burden of making that showing should be treated as *minimal*." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (quotation omitted, emphasis added); *see also Associated Gen. Contractors of Am.*, No. 09-01622, 2009 WL 5206722 at *2 (this Court noting same).

As detailed in Proposed Intervenors' opening brief (at 9), the presumption that the government will adequately represent a third party's interests is overcome where, as in this case, a

proposed intervenor demonstrates "a likelihood that the government will abandon or concede a potentially meritorious reading of the statute [at issue]." *California ex rel. Lockyer*, 450 F.3d 436, 444 (9th Cir. 2006). Here, neither the Forest Service nor FTFA dispute Proposed Intervenors' showing that the Forest Service will likely espouse a different, and more narrow, interpretation of a number of key statutes and regulations at issue.[2] For example, it is undisputed that some of the same groups seeking to intervene here previously litigated with the Forest Service over the proper reading of the travel management regulations and NEPA at other national forests. *See* Opening Brief at 9-10 (citing cases). Indeed, Proposed Intervenors challenged the Forest Service's compliance with NEPA and the travel management regulations in their administrative appeal of the Tahoe Travel Decision. *See* Attachment to Decl. of Gregory C. Loarie, at 2. As detailed in Proposed Intervenors' opening brief, the Forest Service, FTFA, and Proposed Intervenors all argued for different characterizations of the No Action Alternative in the Final Environmental Impact Statement, which is a fundamental NEPA requirement that provides a critical baseline to which compare policy alternatives. *See* Opening Brief at 10.

It is further undisputed that the Forest Service will not represent Proposed Intervenors' interests in any remedy proceeding. In fact, the Forest Service concedes as much in a footnote. Forest Service Resp. at 3, n.1. Only Proposed Intervenors could present evidence of direct harm to their members that would result from the relief FTFA seeks, which would be critical for the Court's evaluation of the balance of harms in any proceeding in equity. *See* Opening Brief at 10-11. In short, Proposed Intervenors have shown "it is likely that Defendants will not advance the same arguments" and have therefore met their burden of rebutting the presumption of adequate representation. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 824 (9th Cir. 2001). The independent arguments above that Proposed Intervenors intend to raise are more than "mere differences in legal strategy," they "go to the heart" of the defense of the Tahoe Decision and

---

[2] At this early stage in the litigation, Proposed Intervenors are not required to "anticipate specific differences" in the Forest Service's statutory interpretation or litigation position. *See Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 824 (9th Cir. 2001). Rather, "[i]t is sufficient for [Proposed Intervenors] to show that, because of the difference in interests, it is *likely* that defendants will not advance the same arguments as [Proposed Intervenors]." *Id.* (emphasis added).

demonstrate that the Forest Service will not adequately represent the interests of Proposed Intervenors. *See California ex rel. Lockyer*, 450 F.3d at 444-45 (citation omitted).

The presumption that the government will adequately represent a third party's interests is also overcome where, as in this case, the government is "required to represent a broader view than the narrow, parochial" interests of the proposed intervenor. *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995) (*abrogated in part on other grounds by Wilderness Soc'y*, 630 F.3d at 1180). Again, the Ninth Circuit's opinion in *Citizens for Balanced Use* is instructive. There, the proposed intervenors overcame the presumption of adequate representation because the Forest Service was clearly opposed to proposed intervenors' "narrower" goal of "secur[ing] the broadest possible restrictions on [motorized] recreational uses" in the protected area. 647 F.3d at 899-901. Here, it is evident that the Forest Service is opposed to Proposed Intervenors' interest in securing the broadest possible restrictions on OHVs in the Tahoe and to some of Proposed Intervenors' interpretations of key statutes and regulations at issue in this action. Proposed Intervenors advocated for the strongest possible restrictions on OHVs during the development of the Tahoe Travel Decision, yet the Decision rejected the maximum restrictions in favor of an option granting extensive accommodations to OHV users. *See* Opening Brief at 1. Proposed Intervenors administratively appealed the Decision and again their interests in securing the strongest possible restrictions on OHVs were rejected by the Forest Service. As in *Citizens for Balanced Use*, here the Forest Service has made clear its position that "much narrower restrictions would suffice to comply with its statutory mandate," demonstrating a "fundamentally differing point[] of view" with Proposed Intervenors. 647 F.3d at 899.

FTFA relies on *Freedom From Religion Foundation, Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011), in which the Ninth Circuit upheld a district court's denial of a minister's motion to intervene as of right in a case challenging the IRS' "parsonage exemption." *Geithner*, 644 F.3d at 840-43. FTFA focuses not on the facts of the case, which are readily distinguishable, but rather on mischaracterizing the plain text of the opinion to create a new rule – that a presumption of adequate representation triggered by a shared ultimate objective between a proposed intervenor and the government *is unrebuttable*. In FTFA's words, "[t]he Ninth Circuit stated: where 'the federal

defendants have demonstrated that their ultimate objective is to uphold a law, and that is the same objective as the proposed intervenor, the federal government *will* adequately represent the interests of the proposed intervenor. That is precisely the case here." FTFA Opp. at 5, citing *Geithner*, 644 F.3d at 841 (emphasis added). However, the plain text of *Geithner* offers the correct standard - if a shared ultimate objective is found to exist, "the presumption of adequate representation applies," which can be rebutted by "a compelling showing to the contrary." *Id.* (citation omitted). Here, Proposed Intervenors have provided specific examples of how the Forest Service will likely not advance the same legal arguments as Proposed Intervenors in this case. *See* Opening Brief at 8-11.

On October 30, 2012, FTFA filed "Plaintiffs' Notice of Supplemental Authority" ("Notice") to call to this Court's attention to *Wolfsen Land & Cattle Co. v. United States*, No. 2011-5113, 2012 WL 4215902 (Fed. Cir. Sept. 21, 2012), a decision rendered almost a month before FTFA's opposition brief was due. FTFA offers this case ostensibly to support its argument that Proposed Intervenors' interests are adequately represented by the Forest Service. *See* Notice at 1. However, this case is readily distinguishable and does nothing to refute Proposed Intervenors' rebuttal of the presumption of adequate representation. In *Wolfsen Land & Cattle Co.*, environmental groups appealed their denial of intervention in a takings case brought by water right holders against the United States for water releases made pursuant to an earlier settlement agreement in which environmental groups had participated. *Wolfsen Land & Cattle Co.*, 2012 WL 4215902 at *1. The Federal Circuit conceded that it "has not frequently considered the law surrounding intervention as of right, nor has it assessed the showing required for a prospective intervenor to carry his 'minimal' burden of proving inadequate representation by any existing party." *Id.* at *3. The court looked mainly to the Ninth Circuit for the legal standard, including to *Citizens for Balanced Use. Id.* at *4. Yet, as the concurrence points out, the majority applied to the adequate representation prong "exclusionary language — not previously used by any court, and more demanding than the cases the opinion relied upon . . . ." *Id.* at *8 (Reyna, J. concurring). The majority found the government to adequately represent the interests of proposed intervenors because proposed intervenors' had "shown no argument that the government would leave aside but [proposed intervenors] would not, or any reason to believe the government would be unwilling to pursue some theory that [Proposed

Intervenors] would pursue in order to defeat [Plaintiffs'] claim." *Id.* at *5.  In sharp contrast, Proposed Intervenors here have shown specific arguments that the government would "leave aside" but that Proposed Intervenors would make.

In sum, intervention as of right should be granted so that Proposed Intervenors' unique and compelling interests in the Tahoe Travel Decision receive adequate protection.

## II.     Proposed Intervenors Satisfy the Requirements for Permissive Intervention.

Proposed Intervenors also meet the requirements for permissive intervention, which provides that "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).  No one disputes that Proposed Intervenors' brief presents common questions of law and fact.  FTFA nevertheless urges the Court to deny permissive intervention based on three purely discretionary factors that courts sometimes consider when deciding whether intervention is appropriate.  FTFA Opp. at 6-8.  First, courts sometimes consider "the nature and extent of intervenors' interest."  *See* FTFA Opp. at 6, citing *Perry v. Proposition 8 Official Opponents,* 587 F.3d 947, 955 (9th Cir. 2009) (citations omitted).  FTFA reiterates its earlier, meritless claims that should the requested relief be granted, Proposed Intervenors "will still be able to enjoy the area to the same extent they did before the [Environmental Impact Statement] and [Record of Decision] were issued."[3]  FTFA Opp. at 7.  As detailed above, this argument turns a blind eye to the clear harms to Proposed Intervenors that would result as indicated by the declarants.  *See* Dietz Dec. at ¶¶ 9-11; B. Rivenes Dec. at ¶ 10; D. Rivenes Dec. at ¶ 10; Schambach Dec. at ¶ 8.

Another factor courts sometimes consider and discussed by FTFA is "whether the intervenors' interests are adequately represented by the other parties."  *See* FTFA Opp. at 6, citing *Perry*, 587 F.3d at 955.  FTFA essentially argues that a presumption of adequate representation should apply and implies that it is unrebuttable.  *See* FTFA Opp. at 7.  As discussed above, Proposed Intervenors can readily rebut this presumption – the Forest Service will likely advance neither the

---

[3] FTFA further mischaracterizes this action and Proposed Intervenors' interests by arguing that "although [Proposed Intervenors] have an interest in determining which areas of the forest will be foreclosed from motorized traffic, that issue is not before this court."  FTFA Opp. at 7.  In fact, that issue forms the foundation of this entire case and would be central to any remedy proceeding.

1  same legal arguments as Proposed Intervenors nor represent their more narrow, particularized
2  conservation interests.
3        The last factor raised by FTFA that courts can consider is "whether the intervention will
4  unduly delay or prejudice the adjudication of the original parties' rights."  FTFA Opp. at 6, citing
5  *Perry*, 587 F.3d at 955.  FTFA does not rebut Proposed Intervenors' showing in their opening brief
6  that intervention will not cause any delay in or prejudice to the existing parties in this case.
7  Proposed Intervenors filed their motion before the Forest Service answered FTFA's complaint, and
8  they are prepared to abide by any briefing and scheduling order that the Court may adopt.

## CONCLUSION

      For all of the forgoing reasons, Proposed Intervenors should be granted intervention as of right in this case under Rule 24(a).  However, should the Court decide that Proposed Intervenors have not satisfied the requirements of Rule 24(a), Proposed Intervenors ask the Court to exercise its broad discretion to allow them to intervene pursuant to Rule 24(b).  Should intervention be granted, Proposed Intervenors respectfully submit that they should be granted full party status in accordance with the conditions proposed by the Forest Service.  *See* Forest Service Resp. at 4-5.

Respectfully submitted,

Dated:  October 31, 2012

/s/ Christopher W. Hudak  
GREGORY C. LOARIE  
CHRISTOPHER W. HUDAK

*Counsel for Proposed Defendant-Intervenors*  
*The Wilderness Society, et al.*