UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF TAHOE FOREST ACCESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, et al., <br><br> Defendants. | No.  12-cv-01876 JAM-CKD <br><br> **ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS AND AWARDING COSTS TO DEFENDANTS** |

This matter is before the Court on Defendants U.S. Department of Agriculture; Tom Vilsack, Secretary of the Department of Agriculture; U.S. Forest Service; Tom Tidwell, Chief of the U.S. Forest Service; Randy Moore, Regional Forester for the U.S. Forest Service's Pacific Southwest Region; and Tom Quinn's, Forest Supervisor at the Tahoe National Forest, (collectively "Defendants") Bill of Costs (Doc. #52).  Plaintiffs Friends of Tahoe Forest Access, Webilt Four Wheel Drive Club, Friends of Greenhorn, Nevada County Woods Riders, Grass Valley 4-Wheel Drive Club, High Sierra Motorcycle Club, David C. Wood, and Kyra (collectively "Plaintiffs") filed objections to Defendants'

1

bill of costs (Doc. #53) and Defendants replied (Doc. #59).[1] For the following reasons, the Court overrules Plaintiffs' objections to Defendants' bill of costs and awards costs to Defendants.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The facts are well known to the parties and therefore the following is only a brief summary. On January 6, 2014, the Court granted summary judgment in favor of Defendants on all seven causes of actions and denied Plaintiffs' motion for summary judgment. Order Granting Defendants' Motion ("Order"), Doc. #50. After judgment was entered, Defendants submitted their bill of costs, requesting $14,875.23 (Doc. #52).

## II. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded. Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc).

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 9, 2014.

1    If the court declines to award costs, it must "specify
2 reasons" for denying costs.  Id. (citing Subscription Television,
3 Inc. v. Southern Cal. Theater Owners Ass'n, 576 F.2d 230, 234
4 (9th Cir. 1978)).  However, it need not specify reasons for its
5 decision to abide by the presumption and tax costs to the losing
6 party.  Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th
7 Cir. 2003) (citing Ass'n of Mexican-Am. Educators, 231 F.3d at
8 592-93).
9       B.    Discussion
10            1.    Request to Defer
11   Plaintiffs request that the Court exercise its discretion to
12 defer consideration of the bill of costs during the appeal of
13 this case.  Defendants respond that the appeal does not prevent
14 the Court from ruling on Defendants' bill of costs.  Pursuant to
15 to the Advisory Committee Notes for Federal Rule of Civil
16 Procedure 54(d)("Rule 54"), "If an appeal on the merits of the
17 case is taken, the court may rule on the claim for fees, may
18 defer its ruling on the motion, or may deny the motion without
19 prejudice, directing under subdivision (d)(2)(B) a new period for
20 filing after the appeal has been resolved."  Fed. R. Civ. P.
21 54(d) Advisory Committee Notes on 1993 Amendments.  Accordingly,
22 the Court exercises its discretion and finds that there is no
23 basis to defer a decision on the bill of costs pending
24 Plaintiffs' appeal.
25            2.    Administrative Record
26   Plaintiffs contend that the declaration submitted by
27 Defendants does not provide sufficient justification for the
28 portions of the administrative record that were provided.

3

1 However, Defendants were required to file a hard copy of the
2 administrative record with the Court pursuant to Local Rule
3 138(b), which provides that "attorneys shall, if possible, submit
4 the administrative record in electronic format with a mandatory
5 courtesy copy in paper for the assigned Judge or Magistrate
6 Judge."  L.R. 138(b).  Therefore, any costs associated with
7 providing a copy of the administrative record to the Court were
8 necessarily incurred.  Further, Defendants' decision to provide a
9 hard copy of only a portion of the administrative record, as
10 authorized by the Court, reduced the overall cost and is not a
11 ground to deny costs.

        3. <u>Print Orders</u>

13 Plaintiffs argue that there is no indication why Defendants
14 believed it was necessary or appropriate to send a copying job to
15 an outside contractor.  Defendants contend that copying costs are
16 recoverable even if they are contracted out.  28 U.S.C. § 1920(4).
17 Further, neither Rule 54 nor § 1920 prohibit the use of an
18 outside contractor to make copies.  As mentioned above, the
19 administrative record was necessary in this case.  In addition,
20 the use of an outside contractor is part of Defendants' practice
21 and the contract was awarded pursuant to low-bid contracting.
22 Decl. of Terry Brennan ¶¶ 8, 10-13.  Therefore, the copying costs
23 are recoverable.

        4. <u>Print Orders</u>

25 Plaintiffs also argue that Print Orders 2-00028-GPO-12 and
26 3-0032-GPO-13 do not provide sufficient information to form the
27 basis of cost recovery.  Although Plaintiffs raise several
28 questions regarding the print orders, they fail to provide any

case law to support their argument that Defendants should not recover these costs.

Under § 1920(4), "fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." Romero v. Pomona, 883 F.2d 1418, 1428 (9th Cir. 1989) abrogated on other grounds by Townsend v. Holman Consulting Corp., 914 F.2d 1136 (9th Cir. 1990). The costs mentioned by Plaintiffs relate to production and do not include costs associated with strategic review of documents or decision-making. Therefore, these costs are not associated with intellectual effort. Further, costs related to converting e-data from one format into another, blowbacks, and Bates stamping are valid exemplification costs. See Plantronics, Inc. v. Aliph, Inc., No. 09-01714, 2012 WL 6761576, *12 (N.D. Cal. Oct. 23, 2012) ("Printing copies (or blowbacks), printing native files from the computer to PDF . . . are the equivalent of photocopying. Certain ancillary tasks are common to electronic or paper discovery, including Bates stamping and putting slipsheets (or some marker) between documents to show document breaks."); see also Jardin v. DATAllegro, Inc., 08-CV-1462-IEG WVG, 2011 WL 4835742, *7-8 (S.D. Cal. Oct. 12, 2011) (noting that courts are divided over whether converting e-data from one format into another is a valid exemplification cost but holding that converting data into .TIFF format was a valid cost).

In addition, both invoices list the services provided and Defendants have also provided a declaration explaining all the costs. See Decl. of Terry Brennan ¶¶ 4-12. Therefore, the Court finds that these costs are recoverable and the invoices provide

sufficient detail to substantiate the costs incurred to create electronic and hard copies of the administrative record.

### 5. Transcript

Plaintiffs claim that Defendants overpaid for the transcript by paying $262.80 because Plaintiffs only paid $94.50. However, as Defendants point out, the first party to order a transcript pays the original transcript rate while later parties pay a lower rate. United States Courts, Federal Court Reporting Program, http://www.uscourts.gov/FederalCourts/UnderstandingtheFederalCourts/DistrictCourts/FederalCourtReportingProgram.aspx (last visited April 11, 2014). Accordingly, Defendants did not overpay for the transcript.

### 6. NEPA Cases

Plaintiffs also argue that costs should not be taxed in this case because the case presented issues of national importance, this case was close and complex, and awarding costs would chill future NEPA suits. Opp. 12-14.

The Ninth Circuit has held that "[d]istrict courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases" because "the imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation." Stanley v. Univ. of S. California, 178 F.3d 1069, 1079-80 (9th Cir. 1999) (citations omitted). These concerns are present in cases that raise "important issues . . . the answers [to which are] far from obvious," id. at 1080, issues of "substantial public importance," and are "close and difficult." Assoc. of Mexican-American Educators ("Association"), 231 F.3d at 591-92. In Association,

the Ninth Circuit affirmed the district court's denial of a cost award exceeding $200,000 because the plaintiffs' claims had statewide implications for the public schools of California, their students, and a significant contingent of their teachers. Id. at 592.

Here, Plaintiffs have not provided any evidence of their financial resources and the cost award is substantially lower than the costs sought but denied in Association. In addition, although NEPA cases are important, the nature of the case in and of itself is insufficient for a court to refuse to award costs. See e.g., Pit River Tribe v. Bureau of Land Mgmt., 2:04-CV-00956 JAM, 2013 WL 6185240 (E.D. Cal. Nov. 26, 2013) (awarding $19,851.60. in costs to the prevailing defendants in a NEPA lawsuit). Defendants were the prevailing party on all causes of action and their bill of costs is neither exorbitant or unreasonable. Accordingly, they are entitled to all of their costs.

### III.   ORDER

For the reasons set forth above, the Court overrules Plaintiffs' objections and grants Defendants' costs. Total costs awarded are $14,875.23.

IT IS SO ORDERED.

Dated:  April 16, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE